24704. WADDINGTON v. STORES MUTUAL PROTECTIVE ASSOCIATION.

DECIDED DECEMBER 24, 1935.

*Winfield P. Jones, Carroll Payne Jones*, for plaintiff.

*H. W. McLarty, Neely, Marshall & Greene*, for defendant.

SUTTON, J. 1. While an agent is a competent witness either for or against his principal, his interest going to his credit, the declarations of an agent as to the business transacted by him are not admissible against his principal unless they are part of the negotiations constituting the res gestæ, or unless the agent is dead. Code of 1933, § 4-315. Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, are admissible in evidence as part of res gestæ. § 38-305. The admissions of an agent or attorney in fact, during the existence and in pursuance of his agency, are admissible against the principal. § 38-406.

(a) "The admission or declaration of an agent when acting within the scope of his authority is to be considered as the admission or declaration of his principal. . . But before the declara-

tions are admissible, some proof of the agency should be submitted. Agency may be established by circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the alleged agent himself, clearly tend to establish the fact of his agency, his declarations may then be admitted and considered as a part of the res gestæ of the transaction; but the declarations of an alleged agent when standing alone are never admissible to prove his agency. . . 'The declarations of an alleged agent, though made dum fervet opus, are not admissible to prove his agency.'" *Colt Co.* v. *Wheeler*, 31 *Ga. App.* 427 (120 S. E. 792). "The agency should be first proved; then the declarations, if made as to matters within the scope of the agency, would be admissible to show that the agent was acting as agent and for the principal. 'The agent certainly can not confer authority upon himself. Evidence of his own statements or admissions, therefore, is not admissible against his principal for the purpose of establishing, enlarging, or renewing his authority; nor can his authority be established by showing that he acted as agent, or that he claimed to have the powers which he assumed to exercise.'" *Jones* v. *Harrell*, 110 *Ga.* 373, 380 (35 S. E. 690).

(*b*) So in an action for damages on account of a tort committed by an alleged agent of the defendant, acting for his principal and within the scope of his authority and duties, where the evidence authorized a verdict in favor of the defendant, and the only error assigned is that the court excluded evidence to the effect that the alleged agent had stated to the plaintiff, at the time of the commission of the wrongful act, that he was acting for the defendant in committing such act, was properly excluded where no other fact or circumstance appeared which tended to show that such person was acting as the agent of the defendant in the particular transaction involved. The fact that such person had acted for the defendant as its agent in similar transactions would not be sufficient to authorize the admission in evidence of such admission or declarations, even though made at the time of the commission of the wrong complained of. *Jones* v. *Harrell*, supra. This ruling does not conflict with the decision when this case was formerly before this court. *Waddington* v. *Stores Mutual Protective Asso.*, 44 *Ga. App.* 826 (163 S. E. 313). Nor is it contrary

to the ruling in *Exposition Cotton Mills* v. *Sanders*, 143 *Ga.* 543 (85 S. E. 747). In this case the question is as to the admissibility of an admission or declaration of an agent to prove agency, and as to whether a proper foundation for its admission had been laid.

2. The evidence authorized a verdict in favor of the defendant association, a group of retail merchants formed to prevent frauds and thefts among its members. The alleged agent was a member of the Atlanta police department, and was employed by the association to prevent frauds on and thefts from its members, including the passage on such members of worthless checks, and sometimes, in the capacity of such employee, to arrest persons who had perpetrated offenses against its members. The evidence showed that on the occasion in question the plaintiff was charged with having given a worthless check to a retail merchant who was not a member of the association, and the alleged agent called on the plaintiff at his home and arrested and imprisoned him for passing the check. There was no evidence tending to connect the act of this officer with his employment by the association, other than the excluded declaration of the officer himself, made to the plaintiff, but denied by the officer, that he was making the arrest for the association. The other evidence tended to show that the officer was acting either as a policeman of the city or in behalf of the store to which the worthless check had been delivered.

3. No error of law appearing, and the evidence authorizing the verdict, the judge properly overruled the motion for new trial.

*Judgment affirmed.* *Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. I am of the opinion the evidence authorized the inference that the alleged agent was, at the time of the occurrence, the agent of the defendant, and as such committed the act complained of, and that the court erred in excluding the declaration. I therefore dissent from the judgment of affirmance.