## 49184. DAVIS v. HAUPT BROTHERS GAS COMPANY et al.

ARGUED APRIL 1, 1974 — DECIDED APRIL 19, 1974.

*J. Walter Cowart,* for appellant.
*Falligant, Doremus & Karsman, Julian H. Toporek,* for appellees.

CLARK, Judge.
How far does the Georgia Long Arm Statute and the Illinois rule adopted in *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) extend? This question is presented for decision in the instant tort case filed by a Georgian to recover for injuries sustained in South Carolina from a vehicle collision with a truck owned by a South Carolina corporation whose stockholders and officers are residents of Georgia.

Davis brought suit in Chatham County naming as joint defendants Haupt Brothers Gas Co., a South Carolina corporation, Coastal Butane Gas Co., a Georgia corporation, and R. C. Haupt, individually. Haupt was president of both defendant corporations. The South Carolina corporation has not been domesticated in Georgia and has no registered agent for service of process in our state. Accordingly, service was attempted by delivery of the suit papers to the individual described as being the person in charge of the Savannah office.

All of the business activities of the South Carolina corporation took place in that state which was where its customers were located and its sales made. It possessed only one truck with its driver employed solely by that corporation. On the date of the occurrence this employee was on the business of the South Carolina corporation.

The Georgia contacts of the South Carolina corporation are that all stockholders, directors, and officers are citizens of our state and that purchases of supplies are principally made from the Georgia corporation which also does the accounting work for the South Carolina outfit.

This appeal by plaintiff below is from a summary judgment rendered for all three defendants.

1. Inasmuch as there is nothing in the record to warrant application of the doctrine of respondeat superior to Haupt individually or to the Georgia corporation it is unnecessary for us to cite authority to affirm the grant of the summary judgment as to these two co-defendants.

2. In determining the correctness of the trial court's ruling in behalf of the South Carolina corporation we have reviewed the two opposition affidavits filed by plaintiff. One of these was by an attorney and the other was by an affiant who bases his assertions "upon investigation made by deponent." Both of these instruments failed to meet the requirements of Code Ann. § 81A-156 (e) that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." As to the principle that no consideration is given conclusions see *Varnadoe v. State Farm &c. Ins. Co.,* 112 Ga. App. 366 (1) (145 SE2d 104) and *Moore v. Oglethorpe Sanitorium,* 129 Ga. App. 310 (199 SE2d 615). Concerning the disregard of opinions relating to the ultimate question for decision see *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393) and *Harrison v. Tuggle,* 225 Ga. 211, 212 (2) (167 SE2d 395). No evidentiary value is given to hearsay. *Nat. Factor &c. Corp. v. Bank of Cochran,* 224 Ga. 535, 543 (4) (163 SE2d 817). Accordingly, we cannot consider the hearsay, opinions, and

conclusions in the opposition affidavits submitted for plaintiff.

3. We recognize that our Supreme Court stated in *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 61, supra, that "In adopting the Illinois Rule, we are impressed by the protective policy for this state's citizens . . ." Nevertheless, this interest in our citizenry can not be extended to a situation such as the present where the Georgia contacts are limited to individuals owning stock and holding office in the foreign corporation and in a Georgia corporation selling merchandise to and providing accounting services for the tortfeasor South Carolina corporation.

It should be noted that the Supreme Court reached the conclusion that jurisdiction was conferred under Code Ann. § 24-113.1 (b) in a situation where the negligence occurred outside the State of Georgia and the damage resulting therefrom occurred inside the State of Georgia. This is generally true of products liability claims. But in the instant case both the injurious consequences and the tort occurred outside the state. "The courts of this state have no extra-territorial jurisdiction, and cannot make the citizens of foreign states amenable to their process, or conclude them by a judgment in personam, without their consent. [Cits.]" *Esso Standard Oil Co. v. Moore,* 211 Ga. 687 (87 SE2d 854).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*