## 73676. GANTZ v. JUSTICE MORTGAGE COMPANY.
(356 SE2d 732)

BENHAM, Judge.

Appellant, a home buyer, filed suit against appellee Justice Mortgage Company, a mortgage lending company, claiming that appellee breached its commitment to make him a loan at an interest rate of 10½ percent. After discovery, appellee filed a motion for summary judgment, which the trial court granted. Appellant appeals the adverse judgment, and we affirm.

According to the record, the events leading up to the lawsuit are as follows: In 1979 appellant planned to purchase and restore an old house in Roswell, Georgia, and sought a mortgage from appellee to finance the project. On April 10, 1979, appellant completed an application for a $75,000 loan at an interest rate of 10½ percent for 30 years, and paid $125 for an appraisal and credit report, both of which were required for processing the loan. Robert Smith, the loan originator for appellee, took appellant's application information and fee for processing. Both parties contemplated that the loan would be purchased by the Federal National Mortgage Association ("FNMA") and was therefore subject to approval by that agency as well as by appellee. At the time appellant made his application, the parties also contemplated that the loan could be processed under FNMA's new Urban Rehabilitation program, which would allow appellant to obtain a below-market rate of interest. However, before Smith received appellant's loan approval, he discovered that the FNMA regulations prohibited appellee from making the Urban Rehabilitation loan because appellee was not an approved lender for that program. Smith notified appellant of that development in May 1979. On May 25, FNMA approved appellant's loan application as a conventional loan, subject to certain conditions being met, including appellant's making certain major repairs on the property before the loan could be closed. Smith notified appellant of the loan approval and conditions, and in June, Smith assisted appellant in securing a one-year construction loan with Roswell Bank for $75,000 at a 10½ percent rate so that the necessary repair work could be done. In the fall of 1979, interest rates began to rise and appellant sought to close the loan with appellee, but Smith's position was that no closing could occur until the required repairs were completed, and they had not been. In early 1980, appellant discovered that appellee was no longer doing business in Georgia, and that Smith was no longer in its employ. Appellant contacted appellee's Texas offices in February 1980 and was told that unless he had a written commitment to close the loan at the 10½ percent rate for which he applied, appellee would not close the loan at that rate. The current market rate was approximately 14 percent. Appellant secured a permanent loan through Fulton National Mortgage Company in

September 1980 at 14½ percent with .625 discount points. On April 18, 1981, appellant filed suit to recover the difference between the interest on and expenses for the Fulton National Mortgage Company loan and the loan he claimed appellee had committed to make at 10½ percent interest.

1. In three related enumerations of error, appellant claims that the trial court erred in granting appellee's summary judgment motion because there were material issues of fact remaining to be resolved. He argues that the FNMA approval of his loan application in May 1979, coupled with the assistance Smith provided him in obtaining the construction loan, was sufficient to show that appellee had made a firm commitment to make appellant a loan at 10½ percent interest any time within the one-year period. We agree with the trial court that no such issue remained. Our review of the record shows that at the time he signed his loan application with appellee, appellant signed two notices, the gist of each being that the making of the application did not bind the lender to close a loan or in any way commit the lender to him, absent a written commitment. In his deposition, Smith stated that at the time of application he offered appellant the opportunity to lock in a set interest rate for a one-year period at a cost of four points for a written commitment, and appellant declined to do so, saying he would take his chances. Smith's deposition also revealed that later in 1979 when interest rates began to rise, appellant sought to close the loan, but he had not completed the repairs as required by the conditional loan approval.

Appellant, who was also deposed, admitted that he did not obtain from appellee a written commitment locking him into the rate for which he initially applied; he did not read the notices regarding commitment, although he did sign them; the only items he paid for were the appraisal and the credit report, both of which were completed; and he did not pay any money to get a firm commitment from appellee to take him out of the construction loan at a fixed rate in the future. Neither could appellant refute the fact that the FNMA approval upon which he relies was made subject to repairs which had not been completed in late 1979 when he first sought to close the loan.

"Where motion for summary judgment is made by a defendant, that defendant shoulders the burden of disproving plaintiff's case, that is, the defendant must affirmatively disprove same by uncontroverted evidence that demands a finding that no genuine issue as to any material fact remains, and the defendant is entitled to a judgment as a matter of law. [Cits.]" *Lang v. Federated Dept. Stores,* 161 Ga. App. 760 (1) (287 SE2d 729) (1982). Appellee having met its burden of proof, the trial court did not err in granting summary judgment to it.

2. In the remaining enumerations of error not disposed of in Division 1, appellant contends that the trial court erred in making certain specific findings. It is sufficient to state that the trial court did not make such findings and, since this was an order granting summary judgment, was not required to do so. OCGA § 9-11-52 (a); *Edwards v. McTyre*, 246 Ga. 302 (5) (271 SE2d 205) (1980).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 20, 1987.

*David G. Crockett, D. Ruth Primm*, for appellant.
*William R. King, Jeffrey H. Kess*, for appellee.