74480. KROGER COMPANY v. MICHAELS.
(359 SE2d 698)

SOGNIER, Judge.

Sharon Lynn Michaels brought an action against The Kroger Company to recover damages for injuries suffered when she slipped and fell in a Kroger store. The jury returned a verdict in Michaels' favor for $3,000, which Michaels appealed to this court. This court reversed and remanded for new trial. *Michaels v. Kroger Co.*, 172 Ga. App. 280 (322 SE2d 903) (1984). Before retrial, Michaels voluntarily dismissed her action pursuant to OCGA § 9-11-41 (a). When the renewal action was filed, Kroger answered asserting that all costs of the prior action had not been paid pursuant to OCGA § 9-11-41 (d). The trial court denied Kroger's motion for summary judgment made on that ground, but certified its ruling for immediate review and we granted this interlocutory appeal.

Appellant contends no question of fact exists that the costs of empaneling the jury in the prior action had not been paid prior to the filing of this suit, and therefore the trial court erred by denying appellant's motion for summary judgment. The Uniform Rules for the Superior Courts, 253 Ga. 801 (1985), provide in Rule 12 that "[i]f a civil action is voluntarily dismissed (other than as a result of final settlement agreement, the terms of which are dictated, in court or in chambers, into the record) after the trial jury has been empaneled, all court costs including juror fees incurred for all panels from which the trial jury was selected shall be taxed against the dismissing party." 253 Ga. 825. Although the prior action was tried before the promulgation of the Uniform Rules, when the rules were adopted, the Supreme Court directed that they become effective July 1, 1985, and apply to "all pending cases." 253 Ga. 800. As the judgment in the prior action was reversed by this court in September 1984, and that action was not voluntarily dismissed by appellee until October 1985, it was "pending" in the trial court when Uniform Rule 12 became effective, and we agree with appellant that the rule is applicable here.

It is well established that payment of the accrued costs is a condition precedent to the renewal of the action following a voluntary dismissal. *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983). However, "the costs which must be paid pursuant to OCGA § 9-11-41 (d), as a precondition to the filing of a new suit, do not include costs *unknown* to plaintiff *after a good faith inquiry*." *Daugherty v. Norville Indus.*, 174 Ga. App. 89, 91 (329 SE2d 202) (1985).

In appellee's affidavit, she swore that she "did investigate with the Costs Clerk of Fulton County Superior Court the incurred costs in the predecessor action" and that "[at] the time of filing [the renewal action], all the preliminary incurred costs were paid." Because appellee's affidavit, and the entire record, present us with insufficient facts, we are unable to say unequivocally that appellee's investigation rose to the level necessary to constitute a good faith inquiry. It is axiomatic, however, that " '[o]n motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt.' [Cit.]" *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986). Giving appellee the benefit of the doubt, a question of fact is raised whether her efforts to ascertain the costs owed before refiling her action amounted to a good faith inquiry which would prevent involuntary dismissal for failure to comply with OCGA § 9-11-41 (d). The trial court therefore properly denied appellant's motion for summary judgment. See generally *Smith v. Rowell*, 176 Ga. App. 100, 101 (335 SE2d 461) (1985).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED JUNE 25, 1987 —
REHEARING DENIED JULY 10, 1987 —

*Wade K. Copeland, Daniel B. Simon III*, for appellant.
*Jeffrey G. Casurella*, for appellee.