### 74488. COX et al. v. FILLINGIM et al.
(361 SE2d 65)

BANKE, Presiding Judge.

Acting in reliance on OCGA § 9-2-61 (a), the appellants brought this renewal action reasserting a medical malpractice claim which they had previously filed against the appellees and then voluntarily dismissed. The trial court granted summary judgment to the appellees based upon the appellants' failure to pay in a timely manner all the accrued costs due in the prior action. This appeal followed. *Held*:

1. The appellants have filed a motion seeking to supplement the record on appeal. Where a party seeks to have the record on appeal supplemented, it is incumbent on him to follow the procedures set forth in OCGA § 5-6-41 (f). " 'When this is not done, there is nothing for the appellate court to review.' [Cits.]" *Vaughn v. State,* 173 Ga. App. 716, 719 (327 SE2d 747) (1985). The appellants' motion is therefore denied.

2. Georgia law requires payment of all the accrued costs of the prior action as a condition precedent to filing a renewal action following a voluntary dismissal. OCGA § 9-11-41 (d); *Little v. Walker,* 250 Ga. 854 (301 SE2d 639) (1983). "[I]f costs are not paid prior to filing then the second suit is not a valid pending action. [Cit.]" *Couch v. Wallace,* 249 Ga. 568, 569 (292 SE2d 405) (1982). Non-payment of the costs due in the prior action has been held to be an amendable defect only if the existence of such costs remains unknown despite a good-faith inquiry made prior to the filing of the renewal action *and* if the deficiency is paid "within a reasonable time" after being discovered. *Daugherty v. Norville Indus.,* 174 Ga. App. 89, 91 (329 SE2d 202) (1985).

The appellees submitted the affidavit of a deputy clerk stating that $67 in court costs remained unpaid in the prior action. Although the record shows that the appellants affirmatively sought, before filing the renewal action, to ascertain and pay any unpaid costs due in the prior action, the record further reveals that unlike the plaintiffs in *Daugherty,* supra, they did not pay the deficiency within a reasonable time after being made aware of it but delayed doing so for more than six months. We consequently hold that the trial court did not err in ruling that the appellants were not entitled to pursue the present ac-

tion.
    *Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 14, 1987.

William F. Braziel, Jr., for appellants.
M. Brice Ladson, William P. Franklin, Jr., Wiley A. Wasden III, Thomas A. Withers, Wendy W. Williamson, for appellees.