75940. EQUITABLE LIFE ASSURANCE SOCIETY OF THE
UNITED STATES v. REYNOLDS.
(367 SE2d 879)

SOGNIER, Judge.

Equitable Life Assurance Society of the United States filed an action against Ray A. Reynolds, a former agent, to recover commissions advanced to him on the sale of certain life insurance policies when the premiums thereon were subsequently refunded. Reynolds answered, denying the indebtedness, and both parties moved for summary judgment. Equitable appeals from the trial court's grant of summary judgment to Reynolds and the denial of its own motion.

1. Appellant contends the trial court erred by granting summary judgment in favor of appellee because repayment of unearned advanced commissions is clearly required by the contract between the parties, and thus appellee was not entitled to judgment as a matter of law. We agree.

It is uncontroverted that during the course of his employment with appellant, appellee signed a contract which provided, inter alia, that he would "be allowed commissions . . . on premiums and considerations for insurance policies and annuity contracts secured under this Agreement *in accordance with the Schedules of Commissions* (issued by The Equitable with notice to the Agent) in force on the date of application for the policy or contract, as such premiums and considerations become due and are paid." (Emphasis supplied.) In opposition to appellee's motion, appellant submitted the affidavit of John Brennan, its assistant vice president, whose testimony laid a proper foundation for the admission into evidence of the attached "Schedules of Commissions and Service Fees For Individual Insurance Policies and Annuities Effective January 1, 1975 for 14th Edition Agent Agreements" as that "Schedules of Commissions" referred to in the contract signed by appellee. That document provided, in pertinent part: "If The Equitable or its subsidiary, for any reason, refunds any premium or consideration, including a termination value in the nature of a pro rata part of a premium, any commissions paid to the Agent thereon shall be an indebtedness of the Agent which The Equitable may offset against any claim for compensation under this Agreement.

Any such indebtedness not recovered by offset, for any reason, shall be a debt of the Agent, payable on demand." The language of the contract signed by appellee is plain and unambiguous in calling for the payment of commissions "in accordance with the Schedules of Commissions." "[N]o construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation." *R. S. Helms v. GST Dev. Co.*, 135 Ga. App. 845, 848 (219 SE2d 458) (1975). Thus, we do not agree with appellee's contention that there is no language in the contract making the schedules a part thereof. See generally *Seal v. First Bank & Trust Co.*, 163 Ga. App. 620, 621 (2) (295 SE2d 367) (1982). The commissions were to be paid in accordance with all the provisions in the document entitled "Schedules of Commissions," and, therefore, to the extent that appellee received advanced commissions, the contract, by reference to the Schedules of Commissions, required him to refund to appellant that portion of the advanced commissions which was unearned, and created a debt owed by appellee to appellant in a corresponding amount.

" 'Where motion for summary judgment is made by a defendant, that defendant shoulders the burden of disproving plaintiff's case, that is, the defendant must affirmatively disprove same by uncontroverted evidence that demands a finding that no genuine issue as to any material fact remains, and the defendant is entitled to a judgment as a matter of law. [Cits.]' [Cit.]" *Gantz v. Justice Mtg. Co.*, 182 Ga. App. 676, 677 (1) (356 SE2d 732) (1987). By affidavit, Brennan testified that appellant's records showed appellee was paid $8,727 in such unearned advances, while appellee, in his affidavit, testified that all sums received by him were for services rendered during his employment. Thus, an issue of fact exists as to whether appellee received any advances representing commissions which later proved to be unearned. As appellee has not shown that he is entitled to judgment as a matter of law, it follows that the trial court erred by granting appellee's motion for summary judgment. See generally *Folsom v. Sears, Roebuck & Co.*, 174 Ga. App. 46, 47 (329 SE2d 217) (1985).

2. Appellant also contends the trial court erred by denying its motion for summary judgment. However, summary judgment in favor of appellant would be proper only if there were no question that appellee actually received the commission advances which, under the contract, are required to be repaid and have not been offset previously. In light of our conclusion in Division 1 that a question of fact exists as to whether appellee received any such advances, the trial court did not err by denying appellant's motion for summary judgment. See *Kroger Co. v. Michaels*, 183 Ga. App. 626, 627 (359 SE2d 698) (1987).

*Judgment affirmed in part and reversed in part. Carley, J., con-*

*curs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While otherwise concurring fully with the majority opinion, it is appropriate, if not our duty, to note that the last cited case, *Kroger Co. v. Michaels*, 183 Ga. App. 626 (359 SE2d 698) (1987), is only a physical precedent, because it was adopted by a two-to-one vote. Although it possibly possesses persuasive power, we cannot publicly proffer, or purport to place or present it, or hold it up in a position of binding precedent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 30, 1988.

*John L. Skelton, Jr.*, for appellant.
*Walter W. Furlong*, for appellee.