A89A1302. MICHAELS v. KROGER COMPANY.
(387 SE2d 2)

SOGNIER, Judge.

This is the third appearance of this slip and fall case before this court. In *Michaels v. Kroger Co.*, 172 Ga. App. 280 (322 SE2d 903) (1984), Sharon Lynn Michaels appealed a judgment for $3,000 in her favor based on a jury verdict. We reversed because of the trial court's exclusion of certain evidence and failure to give a charge requested by

Michaels. Upon remand, Michaels voluntarily dismissed her action and paid all costs known to her before refiling. Kroger then moved for summary judgment in the renewal action based on Michael's failure to pay juror costs pursuant to Rule 12 of the Uniform Superior Court Rules. In *Kroger Co. v. Michaels*, 183 Ga. App. 626 (359 SE2d 698) (1987), this court affirmed the trial court's denial of the motion for summary judgment, holding that although Rule 12 applied to this action, " 'the costs which must be paid pursuant to OCGA § 9-11-41 (d), as a precondition to the filing of a new suit, do not include costs *unknown* to plaintiff *after a good faith inquiry*[,]' [cit.]" id. at 627, and there remained a question of fact whether Michaels' "efforts to ascertain the costs owed before refiling her action amounted to a good faith inquiry which would prevent involuntary dismissal for failure to comply with OCGA § 9-11-41 (d)." Id.

After remand, Kroger renewed its motion for summary judgment, claiming that although the costs were now known to her, Michaels had still not paid the juror fees, and Michaels then paid the fees. Michaels appeals the trial court's grant of Kroger's motion.

Appellant contends the trial court erred by granting summary judgment in favor of appellee because she was not required to pay the juror fees without having been billed for them, or without a court order requiring her to pay them; but even if she *was* required to pay them, her eventual payment was timely because of her difficulty in getting the court clerk to accept her payment. We do not agree. Since the time of our decision in the previous appeal, appellant has been aware that Rule 12 applies to this case, and has thus known juror costs must be paid before refiling. Moreover, she has known the exact amount owed. We can no longer agree with appellant, therefore, that there exists a fact question as to whether her failure to pay these costs for three to four months after the Supreme Court's denial of appellee's petition for certiorari was in good faith. Instead, we are constrained to agree with appellee that the only apparent reason for appellant's failure to pay the known costs was an effort to delay paying them. In *Daugherty v. Norville Indus.*, 174 Ga. App. 89 (329 SE2d 202) (1985), which we cited in *Kroger Co.*, supra, as authority for our holding that the costs which must be paid before refiling do not include costs which are unknown after good faith inquiry, the *Daugherty* court went on to say that "[o]f course, any unpaid costs in a previous action which are unknown after a good faith inquiry *but discovered after the filing of a new action must be paid within a reasonable time in order to preserve jurisdiction.*" (Emphasis supplied.) Id. at 91. Consequently, as it is undisputed that at least since the pendency of the prior motion for summary judgment, appellant knew that $720 was expended in juror fees upon the trial of her case, her obligation to pay those costs was mandatory and we conclude they

were not paid in a reasonable time. Accordingly, the trial court's order granting summary judgment to appellee is affirmed.

We note finally that the trial court erroneously interpreted Uniform Superior Court Rule 12 as mandating that a plaintiff affirmatively determine jury costs and pay them even when costs have not been taxed by the clerk or where the clerk denies that sums are due. We disagree with the trial court that Rule 12 imposes such a duty as a condition precedent upon plaintiff's counsel. We reaffirm our holding in *Kroger Co.*, supra, which followed *Daugherty*, supra, in applying the "good faith" rule, i.e., that costs which are unknown after good faith inquiry need not be paid. It is only because in this case, in these particular circumstances, it is absolutely clear that appellant was aware of the jury costs but despite that fact did not pay them within a reasonable time, that the trial court's order granting summary judgment to appellee is affirmed.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 26, 1989 —

*Barnes, Browning, Tanksley & Casurella, Jeffrey G. Casurella,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Wayne D. McGrew III,* for appellee.