A89A1076. ALL PHASE ELECTRIC SUPPLY COMPANY v. FOSTER & COOPER, INC. et al.
(387 SE2d 429)

CARLEY, Chief Judge.

Appellant-plaintiff filed a materialman's lien. Appellee-defendants discharged the lien by filing a bond. Subsequently, appellant commenced this action against appellees, seeking to recover on the bond. A bench trial resulted in a judgment in favor of appellees. Appellant moved for a new trial. When its motion for new trial was denied, appellant filed a notice of appeal from the judgment that had been entered in favor of appellees.

1. Appellees have moved to dismiss appellant's appeal as un-

timely. Relying upon *Sands v. Lamar Properties*, 159 Ga. App. 718 (285 SE2d 24) (1981), they contend that appellant's motion for new trial was ineffective to extend the time for filing a notice of appeal from the judgment.

The *Sands* case involved "peculiar circumstances." *Sands v. Lamar Properties*, supra at 720. The parties to that declaratory judgment action entered into what was, in effect, a stipulation of the facts. Thereafter, the trial court conducted a hearing and entered an order granting declaratory judgment, specifically stating "that the facts were not in dispute and the only issue between the parties was their differing contention of the legal conclusions based upon the undisputed facts." *Sands v. Lamar Properties*, supra at 718. Under these "peculiar circumstances," this court held that the case was, "in all relevant particulars[,] similar to a grant of summary judgment. The trial court acted upon the admitted facts and as a matter of law resolved the position of the parties. . . . Though appellants dispute the application of those facts to the law, their proper remedy was a direct appeal to this court, not a challenge to the judgment entered through the vehicle of a motion for a new trial. [Cits.]" *Sands v. Lamar Properties*, supra at 721.

The "peculiar circumstances" of *Sands* are not present in the instant case. Here, there was no stipulation of facts between the parties and the trial court did not purport to conduct a mere hearing, but a full bench trial. The trial court's judgment does not indicate an absence of any factual dispute and the existence of only legal issues, but makes findings of fact and conclusions of law in compliance with the requirements of OCGA § 9-11-52. Thus, unlike *Sands*, the judgment in this case is, "in all relevant particulars[,]" the grant of a judgment in favor of appellees after a bench trial. A motion for new trial is a proper procedural vehicle to extend the time for filing a notice of appeal from a judgment rendered after a bench trial. OCGA § 5-6-38 (a). Accordingly, appellees' motion to dismiss this appeal is denied.

2. Relying upon *Newton Lumber & Supply v. Crumbley*, 161 Ga. App. 741 (290 SE2d 114) (1982), the trial court concluded that appellant had no viable claim because of its failure to comply with the notice provisions of OCGA § 44-14-361.1 (a) (3). The trial court's reliance upon the decision in *Newton Lumber & Supply* was misplaced and its judgment rests upon the erroneous legal theory that appellant's compliance or non-compliance with the notice provisions of OCGA § 44-14-361.1 (a) (3) is material to a recovery on the bond. "[A]ppellant's failure to file the notice required under OCGA § 44-14-361.1 (a) (3) [is] not a bar to a recovery in [this] suit against appellee[s] on the bond. . . ." *Burgess v. Travelers Indem. Co.*, 185 Ga. App. 82, 84 (363 SE2d 308) (1987). "[I]t is apparent that the trial court's ruling in the case sub judice rests upon an erroneous legal the-

ory. The trial court's reliance upon an erroneous legal theory requires reversal. [Cits.]" *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 841 (2) (315 SE2d 51) (1984).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 18, 1989.

*Davis, Kirsch & Wolfe, Dock H. Davis*, for appellant.
*Porter & Doster, J. Alexander Porter*, for appellees.