A92A2442. OSENI et al. v. HAMBRICK et al.
(427 SE2d 559)

McMurray, Presiding Judge.

Hakeem Oseni and Darrie Oseni (plaintiffs) sued Jeanette Hambrick and John Thomas Hambrick (defendants) in the State Court of DeKalb County for damages which allegedly arose from an automobile collision. Daryl Von Yokely signed the complaint as "Attorney for Plaintiff" and Richard A. Coleman submitted an entry of appearance on plaintiffs' behalf. Plaintiffs later filed a pretrial order listing attorney Von Yokely and attorney Coleman "as counsel who would conduct the trial for Plaintiffs."

On August 14 and 15, 1991, attorney Coleman appeared for trial and, after a jury was empaneled and sworn, plaintiffs dismissed their complaint without prejudice. On August 21, 1991, the trial court entered an order, directing plaintiffs to pay all court costs plus a jury empaneling fee in the amount of $445 and warning that "[f]ailure to abide by the Court's order shall result in a DISMISSAL of any later attempt by Plaintiff to refile this action." On or about August 21, 1991, the trial judge's calendar clerk mailed a copy of this order to attorney Richard A. Coleman.

On February 28, 1992, attorney Von Yokely filed a renewal action on plaintiffs' behalf pursuant to OCGA § 9-2-61 (a). However, plaintiffs did not pay the $445 juror fee until May 21, 1992. Defendant Jeanette Hambrick thereafter filed a motion to dismiss based upon plaintiffs' failure to pay the juror fee before filing the renewal action. In response, plaintiffs filed the affidavit of Stephanie Barrett, "the Office Administration Secretary for Daryl Von Yokely, Esquire." Ms. Barrett deposed, in pertinent part, as follows: "[O]n or about February 28, 1992, I telephoned the Office of the Clerk of the State Court of DeKalb County and informed them we had recently dismissed [the original action] and desired to refile the same and was informed that the only amount needed was $41.50 to refile. . . . Further, no correspondence was received by this office concerning any Order Taxing Court Costs. . . . Upon notification I forwarded said costs on behalf of the firm promptly."

The trial court granted defendant Jeanette Hambrick's motion to dismiss. This appeal followed. *Held*:

"It is well established that payment of the accrued costs is a condition precedent to the renewal of the action following a voluntary dismissal. *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983). However, 'the costs which must be paid pursuant to OCGA § 9-11-41 (d), as a precondition to the filing of a new suit, do not include costs *unknown* to plaintiff *after a good faith inquiry.*' *Daugherty v. Norville Indus.*, 174 Ga. App. 89, 91 (329 SE2d 202) (1985)." *Kroger Co. v. Michaels*, 183 Ga. App. 626, 627 (359 SE2d 698).

In the case sub judice, plaintiffs argue that attorney Von Yokely's inquiry with the Clerk of the State Court of DeKalb County regarding fees necessary for filing the renewal action sufficiently excused the failure to pay the $445 juror fee before the filing of the renewal action. This argument ignores unrefuted evidence that the trial judge's calendar clerk mailed attorney Richard A. Coleman a copy of the August 21, 1991, order taxing plaintiffs with the $445 jury empaneling fee and warning plaintiffs of the consequences of their failure to pay costs of the original action.

" 'It is well settled that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment. *Citizens Bank of Vidalia v. Citizens & So. Bank*, 160 Ga. 109 (4) (127 SE 219), and cases there cited; *Lewis v. Foy*, 189 Ga. 596 (6 SE2d 788).' *Mathis v. Blanks*, 212 Ga. 226 (91 SE2d 509) (1956)." *Austin v. Austin*, 245 Ga. 487, 490 (265 SE2d 788). In the case sub judice, there appears to be no dispute that attorney Coleman was aware of the $445 juror fee long before institution of the renewal action. Consequently, attorney Coleman's knowledge of the unpaid juror fee is imputed to plaintiffs. Under these circumstances, we cannot say the trial court erred in dismissing plaintiffs' renewal action for failure to pay all costs of the previous action. OCGA § 9-11-41 (d). Compare *Daugherty v. Norville Indus.*, 174 Ga. App. 89, 91, supra.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 25, 1993.

*Daryl Von Yokely*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III*, for appellees.