## A96A0077. RIVIERA FINANCE v. McBRIDE.
### (471 SE2d 233)

Judge Harold R. Banke.

Riviera Finance ("Riviera"), an accounts receivable factor, sued Verna LaRundu Staggers ("Staggers"), Rundu Productions, Inc. ("Rundu") and Cornell McBride, Jr. d/b/a McBride Research Laboratories, Inc. ("McBride") for conspiracy to defraud.[1] McBride moved for summary judgment and to strike certain portions of a key affidavit. Finding the affidavit contained inadmissible hearsay and that no genuine issue of material fact remained, the trial court granted summary judgment to McBride. Riviera appeals.

To prevail at summary judgment under OCGA § 9-11-56, McBride, the movant, must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to Riviera, the non-movant, warrant summary judgment as a matter of law. OCGA § 9-11-56 (c). *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record and testimony reflect the following.

In March 1993 at Staggers' behest, Riviera purchased a Rundu invoice, the terms of which required McBride to pay Rundu $41,000 in May 1993 for 10,000 calendars. Prior to Riviera's purchase of this invoice, account executive Mary Crenshaw verified the calendar order and McBride's intent to pay the outstanding balance. Riviera claimed that based on the account debtor McBride's assurances that he had received the calendars and planned to pay the full purchase price within 60 days, Riviera agreed to factor Rundu's invoice and proceeded to pay $36,900 to Staggers and Rundu. Riviera sent McBride confirmation that it had purchased the invoice from Staggers and Rundu and directed McBride to make payment directly to Riviera.

After Riviera purchased the invoice and factored it, McBride subsequently disclosed that the calendars were defective, and even-

---

[1] A consent judgment was entered against Staggers and Rundu.

tually he rejected the entire order. Rundu later issued McBride a credit memo, stating, "order never corrected, original units returned."

Riviera's sole enumeration is that the trial court erred in granting summary judgment in favor of McBride because material issues of fact remain. *Held*:

To avoid summary judgment, Riviera had to present evidence of the elements of its fraud claim: a false representation by McBride, scienter, an intention to induce Riviera to act in reliance, justifiable reliance and damages.[2] See *Eckerd's Columbia v. Moore*, 155 Ga. App. 4, 5 (1) (270 SE2d 249) (1980); OCGA §§ 51-6-1, 51-6-2. Riviera presented evidence that as part of its customary business practice, it routinely relies upon account debtors' statements before it purchases invoices and factors them. Riviera's evidence showed that it agreed to factor the Rundu account because it relied on McBride's representations to Crenshaw about that account. *Lloyd v. Tyson*, 195 Ga. App. 48, 49 (2) (392 SE2d 551) (1990).

Part of Riviera's evidence was deemed inadmissible, pursuant to McBride's motion to strike certain portions of Crenshaw's affidavit as inadmissible hearsay. However, we find that parts of the challenged sentences are not hearsay but are probative evidence admissible to explain conduct under OCGA § 24-3-2. Moreover, Crenshaw's affidavit, taken as a whole, contains sufficient admissible evidence to demonstrate the existence of material disputed facts. In an unchallenged section, Crenshaw testified, "If Mr. McBride had advised me on March 10, 1993, that the calendars delivered to him by Rundu were not satisfactory Riviera would not have factored the $41,000 Rundu invoice." Although it is undisputed that prior to Riviera's purchase of the invoice, Riviera telephoned McBride to verify the order and McBride's intent to pay, whether McBride, at the time of this conversation, deliberately misinformed Crenshaw that he had already received conforming calendars raises a disputed issue of material fact.

Also, in another uncontested portion of Crenshaw's affidavit, Crenshaw testified that during a telephone conference call which included her manager, McBride made an admission against interest when he admitted knowing that Riviera was relying on his assurances that the calendars were satisfactory in deciding whether or not to factor Rundu's invoice. See *Colbert v. Doe*, 164 Ga. App. 618 (1) (298 SE2d 592) (1982) (inconsistent prior statement by opposing party admissible as exception to hearsay rule); and OCGA § 24-3-31,

---

[2] Although both sides raise numerous UCC and contract law arguments, the complaint alleges only fraud and not breach of contract or a claim under the UCC.

admission by party to the record. Thus, Riviera's evidence showing that McBride knowingly made a false representation upon which Riviera relied to its detriment was sufficient to preclude summary judgment.

We reject McBride's contention that any reliance by Riviera on his statements was unjustifiable and that Riviera failed to exercise due diligence. Whether Riviera's reliance was justifiable under these circumstances is a jury question, as is the materiality of McBride's misrepresentations. See *King v. Towns*, 102 Ga. App. 895 (118 SE2d 121) (1960). Similarly, "[w]hether a party exercised due diligence to ascertain the truth is also for jury resolution." *Famiglietti v. Brevard Med. Investors, Ltd.*, 197 Ga. App. 164 (1), 166 (397 SE2d 720) (1990). Although one may fail to exercise due diligence as a matter of law, in this case, it is not clear what additional action Riviera could have undertaken to protect its interests. Compare, e.g., *Jung v. Cheoun*, 216 Ga. App. 490, 492 (455 SE2d 310) (1995) (failure to request or examine financial records of business prior to its purchase not due diligence). Because genuine issues of material fact remain unresolved, summary judgment must be reversed. OCGA § 9-11-56 (c); *Lau's Corp.*, 261 Ga. at 495.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED APRIL 18, 1996 —
RECONSIDERATION DENIED MAY 8, 1996 — ▮▮▮▮▮▮

*Michael J. Reily*, for appellant.

*Schnader, Harrison, Segal & Lewis, Anne E. Patrick, James M. Hunter, C. Wilson DuBose*, for appellee.