A96A1138. BUTLER v. BOLTON ROAD PARTNERS et al.
(476 SE2d 265)

RUFFIN, Judge.

This is a personal injury suit involving a slip and fall which occurred on February 3, 1991. Butler voluntarily dismissed her first

complaint without prejudice in November 1994. Pursuant to OCGA § 9-2-61, Butler renewed her action on March 24, 1995. Bolton Road Partners and the other defendants (collectively "Bolton Road") filed a motion for summary judgment, alleging Butler's renewal was not effective because she failed to pay court costs prior to renewing her action. The trial court denied the motion initially, but granted the motion following a motion for reconsideration. Butler appeals, and for reasons which follow, we affirm.

1. In her first enumeration of error, Butler contends the trial court erred in prematurely ruling on Bolton Road's motion for reconsideration without giving her 30 days to respond to the motion. Citing Uniform Superior Court Rule 6.2, Butler contends that she was entitled to 30 days to respond to Bolton Road's motion for reconsideration. However, Butler acknowledges in her brief that numerous cases have found that allowing less than 30 days to respond is not error when a plaintiff can still litigate her claim on the merits. See, e.g., *Kidd v. Unger*, 207 Ga. App. 109 (2) (427 SE2d 82) (1993). In addition, all the cases cited by Butler involved rulings on the initial motion for summary judgment or motion to dismiss, not rulings on a motion for reconsideration.

In the present case, Bolton Road filed their motion for summary judgment on October 5, 1995. Butler responded to this motion on November 2, 1995, and the trial court entered its order denying the motion on November 13, 1995. Subsequently, Bolton Road filed a motion for reconsideration on November 17, 1995. This motion was supported by five affidavits. The trial court granted the motion and reversed its initial order on November 22, 1995, concluding its initial ruling was based on Butler's inadmissible hearsay testimony.

It is clear that Butler had a chance to litigate her claim on the merits in responding to the motion for summary judgment. This is not a case where the plaintiff was given no opportunity to respond to the motion. While affidavits were filed with the motion for reconsideration, these affidavits merely countered Butler's hearsay statements and did not present any new issues which had not already been responded to by Butler in her previous response. Moreover, Butler does not show this court what, if any, evidence she would have presented to the trial court if given further opportunity to respond. Thus, she fails to show any harm resulting from the trial court's ruling. See *Leverich v. Roddenberry Farms*, 253 Ga. 414 (321 SE2d 328) (1984). Accordingly, we find that the trial court did not err in ruling on Bolton Road's motion for reconsideration.

2. Butler next asserts the trial court erred in granting summary judgment. We disagree.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of

material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

OCGA § 9-2-61 specifies that all costs required by OCGA § 9-11-41 (d) must be paid as a pre-condition to filing a renewal action. This requirement is a condition precedent to filing the second suit. *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983). Thus, payment of costs in the prior suit may not be made after the second suit is filed or "there is no viable action presently pending, making dismissal or summary judgment for defendant[s] appropriate." Id. at 855. However, this requirement has been relaxed where the plaintiff shows a good faith effort to ascertain and pay the costs. See *Daugherty v. Norville Indus.*, 174 Ga. App. 89, 91 (329 SE2d 202) (1985).

In the present case, the evidence is undisputed that Butler did not pay costs prior to or on March 24, 1995 when she renewed the action. After two contacts with the clerk's office, Butler was informed, in writing, on July 10, 1995 by the jury clerk in the court administrator's office that the total jury costs for her first action were $1,950. However, Butler only paid $500 to the clerk's office. Thereafter, Butler made no further payments and no further efforts to comply with OCGA § 9-2-61 until after Bolton Road filed their motion for summary judgment. At this point Butler returned to the clerk's office, rather than the court administrator's office, where she received the July 10, 1995 letter detailing the costs to be paid.

Although Butler was informed the clerk's office did not know her total costs in the previous action and although Butler received a letter from the clerk's office on October 24, 1995 stating there were no outstanding *court* costs in the previous action, Butler never returned to the court administrator's office and never paid any further *jury* costs for her previous action. We find the October 24, 1995 letter from the clerk's office to be irrelevant since the record shows the clerk's office has no way of knowing what the jury costs may be and that these costs are calculated by the court administrator's office. Moreover, this letter was received well after the date Butler should have paid the costs.

This is not a case as in *Daugherty*, where the costs were "*unknown* to plaintiff *after a good faith inquiry.*" *Daugherty*, supra at 91. Rather, Butler clearly knew the balance due as of July 10, 1995, yet made no effort to pay the full amount as required by the statute. This fact situation is more analogous to *Oseni v. Hambrick*, 207 Ga. App. 166 (427 SE2d 559) (1993), and *Michaels v. Kroger Co.*, 193 Ga. App. 40, 41 (387 SE2d 2) (1989). In these cases, the Court affirmed

the dismissal of the actions because the plaintiffs knew the amount owed, but failed to pay the amount. In the present case, the record does not reflect that Butler returned to the court administrator's office, where she made her initial inquiry and received the initial letter outlining the amount owed. Instead, Butler chose to disregard the initial letter from the court administrator's office and attempted to obtain another figure from the clerk's office.

The only evidence which arguably shows a good faith effort to comply with the rule is Butler's hearsay testimony that she was told she could pay the amount in installments. It is well-established that all hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment. *Davis v. Haupt Bros. Gas Co.*, 131 Ga. App. 628 (2) (206 SE2d 598) (1974). Since Butler's testimony is inadmissible hearsay, the trial court was correct in refusing to consider the testimony. Moreover, Butler's testimony is directly contradicted by the testimony of the employee who accepted the $500 payment on or about July 10, 1995, and other employees of the clerk's office.

In the present case, the facts are undisputed by any *admissible* evidence. While Butler contends she was informed by personnel at the clerk's office in July 1995 that she could pay the amount owed in installments, this statement constitutes hearsay and is unsupported by any admissible evidence. Contrary to Butler's argument, this alleged statement is not an admission by an agent.

Pursuant to OCGA § 24-3-33, "[a]dmissions by an agent or attorney in fact, during the existence and in pursuance of his agency, shall be admissible against the principal." Before the declarations of an agent are admissible, some proof of agency must be submitted. *Waddington v. Stores Mut. Protective Assn.*, 52 Ga. App. 331 (1) (183 SE 143) (1935). No such proof has been presented in the present case, especially in light of the fact that Butler cannot identify the person who allegedly made the statement and affidavits from the clerk's office employee who accepted the $500 payment on or about July 10, 1995, and other employees of the clerk's office contradict Butler's allegation. See *Collins v. S. H. Kress & Co.*, 114 Ga. App. 159 (1) (150 SE2d 373) (1966).

We agree with the trial court that "even assuming that Plaintiff made a good faith, yet fruitless, effort prior to July 10, 1995 to discover the costs from [the prior case], Plaintiff had a duty, once she discovered what the costs were, to pay them 'within a reasonable time in order to preserve jurisdiction.' [Cit.]" While Butler may have made a good faith effort to ascertain any unpaid costs due in the prior action, the record reveals that she did not pay the deficiency within a reasonable time after being made aware of it. "[T]he putting forward of some unidentified, unspecific person . . . who allegedly

made certain remarks that would bind or incriminate [a party], and as to whom there is no showing the person can be brought forth at trial or even located, or in fact exists, is not enough to raise a genuine issue of material fact controverting the defendant's positive testimony that [Butler failed to pay her prior unpaid costs within a reasonable time after being made aware of them]." (Citations omitted.) *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 272 (1) (375 SE2d 249) (1988). Accordingly, the trial court did not err in granting appellees' motion for summary judgment. See *Cox v. Fillingim*, 184. Ga. App. 205 (2) (361 SE2d 65) (1987).

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., dissents.*

McMurray, Presiding Judge, dissenting.

The trial court reconsidered its previous denial of defendant Bolton Road's motion for summary judgment, concluding that plaintiff Butler's evidence regarding the clerk's assurance that she could pay past due costs in installments is inadmissible hearsay. I believe this premise is flawed. It is also my view that this flawed reasoning can and should be corrected by this Court within the error as enumerated, namely, the existence of genuine issues of material fact precluding judgment. "Some courts live by correcting the errors of others and adhering to their own." *Ellison v. Ga. R. Co.*, 87 Ga. 691, 695 (1) (13 SE 809). Butler's statement regarding what the clerk told her explains conduct and is therefore admissible and probative as original evidence under OCGA § 24-3-2. See *Riviera Finance v. McBride*, 221 Ga. App. 321, 322 (471 SE2d 233). " '(I)t is apparent that the trial court's ruling in the case sub judice rests upon an erroneous legal theory. The trial court's reliance upon an erroneous legal theory requires reversal. (Cits.)' *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 841 (2) (315 SE2d 51) (1984)." *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233 (2) (387 SE2d 429). As my colleagues in the majority would nevertheless affirm this unwarranted grant of summary judgment, I respectfully dissent.

Decided August 28, 1996 —<br>Reconsideration denied September 18, 1996.

*Tony L. Axam*, for appellant.
*Johnson & Kane, Frederick A. Johnson*, for appellees.