A99A0997. NASH v. PIERCE et al.
(519 SE2d 462)

Judge Harold R. Banke.

Three members of the Madison County Board of Commissioners (Pierce, Clark, and Fortson) sought injunctive relief against Commission Chairman Wesley J. Nash. Following a bench trial, the court found in their favor and ordered Nash to comply with certain mandates, to cease certain other activities, and to use county funds to pay certain expenses.[1] Nash asserts three errors on appeal. *Held*:

1. First, Nash contends the trial court erred in ordering him to use county funds to pay the legal expenses incurred by Commissioner Clark in prevailing in a recall action filed against Clark in probate court. The trial court relied on a written county policy in ordering this payment. See OCGA § 45-9-21.

In their briefs, the parties admit that Nash has since made the payment. An appellant's voluntary payment of the judgment renders moot the issues sought to be determined on appeal. *Morris v. Morris*, 242 Ga. 591 (1) (250 SE2d 459) (1978); *Keener v. King Hardware Co.*,

---

[1] The Supreme Court transferred the case to this court, finding equitable relief was ancillary to interpreting local ordinances. See *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991).

215 Ga. 577 (111 SE2d 215) (1959); *Ralston v. Etowah Bank*, 207 Ga. App. 775, 776 (1) (429 SE2d 102) (1993).

2. Second, Nash challenges the court's determination that he could not hold the position of county treasurer in addition to the chairmanship. The court acknowledged that the local act establishing the Madison County Commission provided that the commission chairman would also serve as the county treasurer. See Ga. L. 1965, p. 2670, § 8. But the court concluded that OCGA § 36-6-1 (a), which provides that no other county officer can also be county treasurer, contradicted the local act and as a general law prevailed. The court was correct. Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a); *Studstill v. Gary*, 216 Ga. 268, 269 (2) (116 SE2d 213) (1960).

3. Third, Nash challenges the court's permanent injunction enjoining him "from making any purchase or expenditure over One Hundred Dollars without the specific concurrence and approval of the Board of Commissioners." The local act establishing the Madison County Commission provides differently, stating that prior approval of the board is required for purchases or purchase contracts exceeding $100 except for repairs of machinery, roads, bridges and emergency repairs to other county property and except for purchases or purchase contracts permitted or called for under the previously-established general policy of the board. Ga. L. 1965, p. 2674, § 19.

Accordingly, this portion of the judgment is vacated, and the case is remanded with the instruction to conform the injunction to the legislative language.

*Judgment affirmed in part and reversed in part and case remanded with direction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 8, 1999.

*William C. Bushnell*, for appellant.
*R. Dale Perry*, for appellees.