S12A0890. HORN v. SHEPHERD.
(732 SE2d 427)

NAHMIAS, Justice.

The trial court held Randy Horn (Husband) in contempt for violating his divorce decree with Brandie Shepherd (Wife) and ordered him incarcerated until he purged himself of the contempt. Husband appeals, and we conclude that the trial court erred in requiring him to pay attorney fees associated with the contempt proceeding in order to purge the contempt; we therefore reverse that small portion of the trial court's judgment. Husband's many other enumerations of error are without merit, and we affirm the remainder of the judgment.

1. The parties married in 1998 and divorced in Fayette County on April 21, 2009. As relevant to this appeal, the divorce decree designated Wife as the primary legal custodian of the parties' child, ordered Husband to pay monthly child support of $849.18 plus 86.98% of the child's uninsured medical and dental expenses, and awarded each party a half-interest in Husband's two retirement accounts. The decree also ordered Husband to pay Wife $6,479.13 that he owed her under a temporary support order and awarded Wife $3,600 in attorney fees and costs payable at the rate of $100 per month, with the entire balance becoming due immediately if Husband made one payment late. The decree gave each party a right of first refusal to care for the child whenever the other was planning to leave the child in the care of a non-family member overnight or for four or more hours. The decree mandated prior consultation for all but emergency medical care, gave each party the right to attend all the child's extracurricular activities, obligated each party to keep the other apprised of his or her contact information, and required 30 days' advance written notice before a change of residence.

On July 8, 2009, Wife filed a motion for contempt in Fayette County. On October 22, 2010, the court entered an order (the "Fayette County contempt order") finding that "through his conduct toward [Wife], [Husband] expresses a general disregard for the orders of this Court" and holding Husband in contempt of the divorce decree. The

order directed Husband to purge his contempt by paying Wife, by December 1, 2010, $1,257.32 in past due child support and uninsured medical expenses as well as $1,250 in unpaid attorney fees awarded to Wife in an August 13, 2010 order that is not in the record. Husband was also ordered, beginning on November 1, 2010, to make monthly payments of $150 until he repaid in full both $2,000 in unpaid attorney fees awarded in the divorce decree and the balance of $5,779.13, plus 6.25% interest on that amount, due from the temporary support order. Finally, the court ordered Husband to prepare and execute within 60 days all documents necessary to transfer the unpaid one-half interest in his retirement accounts as they existed at the time of the divorce decree.

Around the end of November 2010, Husband filed a motion for new trial or, in the alternative, to amend the contempt order. However, the motion was returned two to three weeks later stamped "void," apparently because he did not pay a new filing fee.[1]

In January 2011, Husband lost his job and began collecting unemployment compensation. The following month, he stopped paying child support altogether. Around that time, Husband purchased a BMW 545 that he later valued at $17,740, and one of his retirement accounts had a balance of approximately $34,000.

On March 15, 2011, Wife filed a second motion for contempt in Fayette County. After the divorce, Wife had moved to Coweta County, and on April 12, 2011, Husband filed in the Coweta County Superior Court (the "trial court") a combined motion for contempt and for modification of custody, visitation, and support. To reduce costs, the parties agreed to consolidate the Fayette County contempt proceeding with the Coweta County contempt and modification proceeding, and Wife then dismissed her contempt motion in Fayette County. No further action was taken by either party in Fayette County.

On April 22, 2011, Wife filed an answer and counterclaims for contempt and for modification of visitation in the Coweta County proceeding. On May 11, 2011, the trial court entered a consent order appointing a guardian ad litem for the child. On August 26, 2011, Husband filed a motion to dismiss Wife's counterclaims for lack of jurisdiction and venue.

On August 30, 2011, the trial court held a hearing, and on November 2, 2011, the court entered a final order, nunc pro tunc to August 30, 2011. The order dismissed Wife's counterclaims for lack of

---

[1] Husband asserts on page 5 of his brief that he also filed a notice of appeal from the Fayette County contempt order, but his record citations do not support this assertion, and the record contains no evidence that he properly appealed that order.

jurisdiction. The court also denied Husband's motion to hold Wife in contempt and denied his requested change of custody because he failed to prove any material change in circumstances and failed to prove that Wife willfully violated the divorce decree. The court also denied Husband's request to modify child support. Regarding visitation, the court ordered that the divorce decree's provision for a right of first refusal to provide child care be stricken, finding that it had "caused many problems between the parties." Finally, the court ordered Husband to pay the guardian ad litem's fees in full and to reimburse any guardian ad litem fees Wife had paid.

On September 22, 2011, the trial court granted Wife's motion for reconsideration of the dismissal of her counterclaims. After a hearing on those claims on September 30, 2011, the court entered a contempt order on November 2, 2011, nunc pro tunc to September 30. The court ruled that Husband had willfully violated the divorce decree and the prior Fayette County contempt order by failing to pay $6,932.36 in past due child support, $850.67 in uninsured medical expenses, and $625 in past due attorney fees. The court also ordered Husband to provide statements on his two retirement accounts since April 2009 and to pay Wife $2,500 in attorney fees associated with the contempt proceeding. The court directed that Husband be jailed until he turned over the statements and paid a total of $10,908.03 to purge the contempt.

As soon as the hearing on Wife's counterclaims ended, Husband filed a "Notice of Intent to Appeal" to trigger an automatic stay of the contempt proceeding and prevent his immediate incarceration. On November 3, 2011, one day after the trial court entered the nunc pro tunc orders, Wife filed a motion for supersedeas bond. On November 9, 2011, the court ordered Husband to post within five days a $14,000 bond from a licensed surety conditioned on satisfaction of the November 2 orders or to appear at a show cause hearing. Husband posted the required bond. On December 2, 2011, Husband filed a notice of appeal to the Court of Appeals, which properly transferred the appeal to this Court on January 31, 2012, as coming within our jurisdiction over "[a]ll divorce and alimony cases." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (6). Husband's motion to return the case to the Court of Appeals was denied on May 29, 2012.

2. Husband contends that the trial court erred in allowing Wife to pursue a contempt motion filed as a counterclaim to his modification action. He argues that because the divorce decree and first contempt order were entered in Fayette County, Wife's counterclaim for contempt also had to be filed in Fayette County. He is wrong.

In *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983), we held:

> [W]here a superior court other than the superior court rendering the original divorce decree acquires jurisdiction and venue to modify that decree, it likewise possesses the jurisdiction and venue to entertain a counterclaim alleging the plaintiff is in contempt of the original decree.

Id. at 61. Husband filed a motion for contempt and modification in the Coweta County trial court, and the parties agreed to consolidate the pending Fayette County contempt proceeding with that action. Because the trial court had undisputed jurisdiction and venue to modify the divorce decree based on Husband's motion, it also possessed the authority to entertain and grant Wife's counterclaim for contempt. See id.

3. Husband argues that the trial court erred in permitting Wife to pursue her counterclaim for contempt based in part on the Fayette County contempt order, which he now claims is subject to a pending motion for new trial. See OCGA § 9-11-62 (b) (providing that the filing of a motion for new trial acts as a supersedeas). However, at the September 30, 2011, hearing, Husband's then-counsel told the trial court that the motion for new trial filed in Fayette County had been returned stamped "void" for failure to pay a new filing fee, and she acknowledged that the Fayette County Superior Court was "not considering [the new trial motion] a filed document"; the record suggests that the motion was not timely filed. See OCGA § 15-6-77 (e) (1) (providing that "any postjudgment proceeding filed more than 30 days after judgment or dismissal in an action shall be considered as a new case," for which payment of a new filing fee is required). While counsel asserted that the motion for new trial still appeared on the Fayette County court's docket, the record is devoid of any evidence of a valid, pending motion for new trial in Fayette County, and so the trial court did not err in allowing Wife's counterclaim for contempt based in part on Husband's willful violation of the Fayette County contempt order to proceed.

4. Husband contends that the trial court abused its discretion by refusing to hold Wife in contempt for her alleged willful failure to abide by various terms of the divorce decree relating to visitation, parenting, and sharing contact information. "Trial courts have broad discretion in ruling on a motion for contempt, and the trial court's ruling will be affirmed on appeal if there is any evidence in the record to support it." *Killingsworth v. Killingsworth*, 286 Ga. 234, 237 (686 SE2d 540) (2009) (citation and punctuation omitted). See also *Greene*

*v. Greene*, 306 Ga. App. 296, 300 (701 SE2d 911) (2010) ("The essence of civil contempt is wilful disobedience of a prior court order, and it is for the trial court to determine the credibility of the witnesses in ruling thereon."). Wife presented evidence both that she did not disobey the divorce decree and that any violations of the decree resulting from her failure to consult Husband prior to the child's medical and dental appointments were not willful. The trial court found this evidence credible. Accordingly, there was no abuse of discretion in this aspect of the trial court's judgment.

5. Husband contends that, given Wife's alleged violations of the divorce decree described in Division 4, the trial court erred in failing to find a substantial change of circumstances affecting the welfare of the minor child that warranted a change of custody.

> In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, the trial judge is vested with a discretion which will not be controlled by this court unless it is abused . . . . [T]his court will not interfere with [the trial judge's] finding when there is any evidence to support it.

*Westmoreland v. Westmoreland*, 243 Ga. 77, 79 (252 SE2d 496) (1979). As discussed in Division 4, the evidence authorized the trial court's conclusion that Wife did not willfully violate the divorce decree. Moreover, the guardian ad litem advised the court that there had been no change in circumstances warranting a change in custody. The trial court did not abuse its discretion in this ruling.

6. Husband claims that the trial court erred in modifying the terms of the divorce decree pertaining to visitation to eliminate the right of first refusal regarding child care, asserting that such a modification is impermissible in a contempt proceeding. However, OCGA § 19-9-3 (b) provides:

> In any case in which a judgment awarding the custody of a child has been entered, on the motion of any party or on the motion of the judge, that portion of the judgment affecting visitation rights between the parties and their child or parenting time may be subject to review and modification or alteration without the necessity of any showing of a change in any material conditions and circumstances of either party or the child . . . .

Although *custody* may not be changed in a contempt proceeding, we have long held that this statute allows the modification of *visitation*

rights, even on the court's own motion. See *Carlson v. Carlson*, 284 Ga. 143, 143-144 (663 SE2d 673) (2008); *Blalock v. Blalock*, 247 Ga. 548, 550 (277 SE2d 655) (1981) (interpreting OCGA § 19-9-3 (b)'s predecessor Code section). Thus, the trial court was authorized to eliminate the right of first refusal based on its finding, made expressly during the hearing, that the provision was not in the child's best interest.

7. Husband maintains that the trial court abused its discretion in denying his motion to reduce his ongoing child support obligation based on his proven job loss. However, the court explained at the August 30, 2011, hearing that Husband's prospects for future employment were strong, and it further noted at the September 30, 2011, hearing that there was evidence that Husband had other financial resources on which he could draw to meet his child support obligation. Accordingly, the court was acting within its discretion to deny Husband's motion to reduce his future child support payments. See *Moccia v. Moccia*, 277 Ga. 571, 572 (592 SE2d 664) (2004) (affirming denial of motion to reduce child support where the evidence did not "demand" a finding in favor of the party requesting modification).

8. Husband argues that the trial court's apportionment of all the guardian ad litem fees to him should be reversed if this Court finds merit in either of the claims discussed in Divisions 4 and 5 above. Because this Court finds no merit in those claims, this enumeration of error is moot.

9. Husband posits that the trial court erred in awarding Wife attorney fees because the court failed to cite the statutory basis for the fee award and there was no showing that the fees were reasonable and necessary. OCGA § 19-6-2 (a) (1) provides:

> The grant of attorney's fees as a part of the expenses of litigation, . . . whether the action is for alimony, divorce and alimony, or contempt of court arising out of either . . . , shall be . . . [w]ithin the sound discretion of the court . . . .

Thus, there was a statutory basis for the fee award, and there was no requirement that OCGA § 19-6-2 be cited in the trial court's order, as there is no indication that the court relied on some other authority to award the attorney fees.

We have held that

> [a] trial court may award or decline to award attorney fees sought under OCGA § 19-6-2 (a) (1) based on evidence of the financial circumstances of the parties presented at trial and

based on the judge's ability to "plac[e] a value on the legal services rendered by an attorney in a divorce action."

*Alexandrov v. Alexandrov*, 289 Ga. 126, 128 (709 SE2d 778) (2011) (citation omitted). The court here heard evidence of the parties' financial circumstances; there was evidence that Wife's counsel charged a reasonable hourly rate for a family law attorney with his training and experience; and the court questioned counsel about his training and experience. We find no abuse of discretion in the attorney fees award.

10. Husband argues that the trial court erred in granting Wife's motion to require him to post a supersedeas bond and in setting the amount of the bond at $14,000 when the amount he was held in contempt for failing to pay was only $10,908.03. According to Husband, the supersedeas bond order "undermined" OCGA § 5-6-13 (a), which states:

> A judge of any trial court or tribunal having the power to adjudge and punish for contempt shall grant to any person convicted of or adjudged to be in contempt of court a supersedeas upon application and compliance with the provisions of law as to appeal and certiorari, where the person also submits, within the time prescribed by law, written notice that he intends to seek review of the conviction or adjudication of contempt. It shall not be in the discretion of any trial court judge to grant or refuse a supersedeas in cases of contempt.

The statute on which the trial court relied in ordering Husband to post the supersedeas bond is OCGA § 5-6-46 (a), which provides, as relevant here:

> In civil cases, . . . upon motion by the appellee [here, Wife] . . . the trial court *shall require* that supersedeas bond or other form of security be given with such surety and in such amount as the court may require, conditioned for the satisfaction of the judgment in full, *together with costs, interest, and damages for delay if the appeal is found to be frivolous . . . .*

(Emphasis added.)

Both OCGA §§ 5-6-13 and 5-6-46 relate to the same subject matter, and they therefore should be construed together. See *U. S. Bank Nat. Assn. v. Gordon*, 289 Ga. 12, 15 (709 SE2d 258) (2011) (" [S]tatutes "in pari materia," i.e., statutes relating to the same

subject matter, must be construed together.' " (citation omitted)). Read together, OCGA §§ 5-6-13 (a) and 5-6-46 (a) required the trial court to grant Husband a supersedeas when he filed his "Notice of Intent to Appeal" *and* to grant Wife's motion to require Husband to post a supersedeas bond. See *Barngrover v. Hins*, 289 Ga. App. 410, 414-415 (657 SE2d 14) (2008) ("Nothing in OCGA § 5-6-46 suggests that a trial court may refuse to require a supersedeas bond posted for the benefit of an appellee who seeks security for a money judgment . . . ."). The amount of the supersedeas bond is not limited to the sum the cited party has been ordered to pay to purge his contempt. Instead, OCGA § 5-6-46 (a) directs that the bond amount be sufficient to satisfy "the judgment in full" and to cover the "costs, interest, and damages for delay if the appeal is found to be frivolous." Accordingly, Husband has not shown that the trial court erred in ordering him to post a supersedeas bond, nor has he shown that the court abused its discretion in setting the amount of the bond.

11. Finally, Husband contends that the trial court erred in conditioning his purge of the contempt order (and thus his release from incarceration) on payment of not only the $8,408.03 that he had been ordered to pay in previous court orders, but also on the additional $2,500 in attorney fees that he was first ordered to pay in the contempt order itself. This enumeration has merit. A trial court does not have the authority to make payment of a new attorney fees award a condition for purging contempt of a previous order. See *Gay v. Gay*, 268 Ga. 106, 106-107 (485 SE2d 187) (1997) (holding that the trial court erred in simultaneously awarding attorney fees for a party's civil contempt and directing that he be incarcerated until he paid that award, because the award was not part of a prior order the party had violated). Therefore, we must reverse the contempt order to the extent that it requires Husband to pay the $2,500 in attorney fees in order to purge his contempt. The order remains valid in requiring Husband to pay those new attorney fees subject to a future contempt action if he fails to do so. See Division 9 above.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 15, 2012 —
RECONSIDERATION DENIED NOVEMBER 19, 2012.

*Celeste F. Brewer*, for appellant.
*Rosenzweig, Jones, Horne & Griffis, Melissa L. Darden Griffis, Glover & Davis, Taylor B. Drake, Clifton M. Sandlin*, for appellee.