**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A1595. 9766, LLC v. DWARF HOUSE, INC.

MILLER, Judge.

9766, LLC appeals from the trial court's order dismissing its claims against Dwarf House, Inc. regarding an easement over Dwarf House's property and alternatively granting summary judgment to Dwarf House on the easement claim.[1] 9766 contends that the trial court erred by sua sponte dismissing its complaint on the grounds that it was not properly commenced or properly served and by precluding 9766 from introducing evidence to support its express easement claim. We agree that the trial court erred by dismissing 9766's complaint. We also conclude that the trial court erred by granting summary judgment because unresolved issues remain as to whether 9766 had an express easement claim. Accordingly, we reverse and remand

---

[1] Dwarf House asserts that its correct name is Team Dwarf House, Inc.

the case for the trial court to address the issues raised by the parties in connection with Dwarf House's motion for summary judgment.

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." *Herren v. Mitchell Elec. Membership Corp.*, 323 Ga. App. 517 (747 SE2d 63) (2013) (citation omitted).

So viewed, the evidence shows that 9766 is solely owned by Dr. Jackie Williamson and owns property located at 9766 Highway 92 in Woodstock, where it leases space to a medical practice. Dwarf House operates a restaurant on property adjacent to the property owned by 9766. In June 1992, Ninety Two West, LTD. ("Ninety Two"), in connection with the pending sale of a portion of the Highway 92 property to Chick-Fil-A, Inc, executed a revised easement agreement (the "Agreement") granting to the Bank of Canton an easement for the purposes of vehicular access, ingress and egress over and across the property of Ninety Two. The Bank subsequently sold its property, with easement rights, to 9766. Chick-Fil-A sold its portion of the property (subject to the easement) to Dwarf House, which began operating a restaurant there in April 1993.

In August 2012, the Dwarf House general manager informed the office manager of the medical practice that it would begin construction to expand the

restaurant's drive-through lanes and that the construction would begin in September 2012. That same month, 9766 filed an application for an interlocutory injunction and/or a temporary restraining order, alleging that the construction would cause great and irreparable harm because it would essentially close down 9766's easement and make access for the medical practices' patients extremely difficult. Following a hearing, the trial court denied 9766's application for a temporary restraining order ("TRO") , thereby allowing Dwarf House to expand the drive-through lanes at its restaurant. The expansion of the drive-through lanes at Dwarf House eliminated the access road as a route of egress from the 9766 property to Indian Valley Drive because it made the access road a one-way thoroughfare.

Dwarf House then filed a motion for summary judgment, asserting that 9766 did not have an express or implied easement over the access road on Dwarf House's property and that the sole basis for 9766's application was its contention that it had an easement over that access road. In its response, 9766 argued that it was undisputed that from the time it acquired the property in 2001 until the dispute arose in 2012, 9766's patients and clients had used the two-way access road for ingress and egress from 9766's property to Indian Valley Drive. 9766 further argued that issues of fact

remained regarding the location of the easement and whether Dwarf House had interfered with 9766's use and enjoyment of the easement.

While the summary judgment motion was pending, 9766 filed an "Amended Complaint" seeking a declaratory judgment as to the extent of its easement rights over Dwarf House's property, a permanent injunction requiring Dwarf House to remove the second drive-through lane and restore two-way traffic on the access road, damages for trespass, and attorney fees. Dwarf House answered, denying that 9766 was entitled to any relief.

After the parties submitted a pretrial order, the trial court conducted a hearing on Dwarf House's motion for summary judgment. The trial court then issued an order sua sponte dismissing the complaint, finding that the action was not properly commenced or properly served. The trial court also addressed Dwarf House's summary judgment motion, "[o]ut of an abundance of caution," but failed to explicitly grant or deny the motion, concluding that the record did not show that 9766 was entitled to the relief sought in its application or amended complaint. The trial court concluded that 9766 did not have an express easement because counsel for 9766 had conceded this point at the hearing on the application for a TRO and that 9766 had failed to establish a prescriptive easement.

4

1. 9766 contends that the trial court erred by sua sponte dismissing its complaint on the ground that it was not properly commenced. We agree.

"We review a trial court's sua sponte order of dismissal de novo." (Citation omitted.) *Haygood v. Head*, 305 Ga. App. 375, 377 (1) (699 SE2d 588) (2010).

Here, the trial court ruled that the action was not properly commenced because it was not initiated with the filing of a complaint, but rather by the filing of an application for an interlocutory injunction and/or TRO. The application, however, was verified by the President of 9766 and included a description of the parties, the relevant facts, a copy of the Agreement, and a prayer for relief, which sought a TRO and a preliminary injunction restraining and enjoining Dwarf House from beginning construction on the easement. 9766's failure to include its verified application within a document entitled "complaint" does not subject it to dismissal. It is well established that there is "no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interest of the pleader, judging the pleading by its function rather than by its name." (Punctuation and citation omitted.) *Frost v. Frost*, 235 Ga. 672, 674 (1) (221 SE2d 567) (1975); see also *Rodriguez v. Nunez*, 252 Ga. App. 56, 59 (3) (555 SE2d 514) (2001) ("There is no magic in the title given to [the] complaint; under our rules of pleading, it is substance and not mere nomenclature that

controls."). Thus, the trial court erred in concluding that 9766 could not seek damages, declaratory relief, or injunctive relief solely because it failed to label its application as a complaint.

2. 9766 contends that the trial court erred by sua sponte dismissing its complaint on the ground that it was not properly served.[2] We agree.

The trial court ruled sua sponte that, although 9766 may have attempted to personally serve Dwarf House with the application, there was no evidence that 9766 personally served a summons and complaint. The record, however, includes an affidavit of service, dated September 17, 2012, stating that a summons and complaint were personally served on the agent for service of process for Dwarf House. Presumably, the document served was the application and not a "complaint." Even if this somehow constituted insufficiency of process or insufficiency of service of process, Dwarf House waived those defenses by failing to include them in its answer. See *Ahmad v. Excell Petroleum, Inc.*, 276 Ga. App. 167, 168 (1) (623 SE2d 6) (2005). Thus, the trial court erred by dismissing the complaint on the basis of improper service.

---

[2] Dwarf House takes no position on this enumerated error.

3. 9766 contends that the trial court erred by dismissing its complaint sua sponte on grounds not asserted by Dwarf House without giving 9766 notice and an opportunity to be heard. This contention relates to the dismissal based on improper commencement and service of the action, which we have held to be erroneous in Divisions 1 and 2. Accordingly, we need not address this enumerated error.

4. 9766 contends that the trial court erred by finding that there was no genuine issue for trial. We agree that the trial court erred by dismissing the case without addressing the easement issues raised by Dwarf House's motion for summary judgment.

Although the trial court did not expressly grant or deny Dwarf House's motion for summary judgment, it did conclude that the evidence did not entitle 9766 to the relief sought in its application or amended complaint. We will therefore review the court's ruling under the summary judgment standard.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation omitted.) *Herren*, supra, 323 Ga. App. at 517.

7

(a) *Admission in judicio*. The trial court ruled that, during the hearing on the application for a TRO, 9766 conceded that it did not have an express easement. As a result, 9766 was precluded from introducing evidence to controvert this admission.

The statement at issue occurred during the TRO hearing when 9766's counsel was discussing the fact that the patients of the medical practice had been using the access road since 2001 without complaint. Counsel then stated:

> The problem we have here is when they modified that access drive, although we don't have an easement per se, I would argue that that would be an implied easement because of the duration of the use of that property. And that paragraph also allows Dr. Williamson reasonable access to - - across and over Chic-Fil-A's property for the purpose of ingress and egress. It's almost as if it were from an implied easement because of the duration and use that actually has turned into a prescriptive easement. But it has to be reasonable access, and that's what it says, that whole paragraph. And to us that's not reasonable.

Contrary to the trial court's ruling, 9766's counsel did not admit that 9766 had no express easement over the Dwarf House property, but that it arguably had no express easement over the access road.

"Admissions of fact, made by a party's counsel during a hearing or trial, are regarded as admissions in judicio and are binding on the party." (Punctuation and

8

footnote omitted.) *Hollberg v. Spalding County*, 281 Ga. App. 768, 774-775 (2) (b) (637 SE2d 163) (2006). But the rule applies only to statements of fact, not to opinions or legal conclusions. *Kothari v. Patel*, 262 Ga. App. 168, 175-176 (4) (585 SE2d 97) (2003). Counsel's admission that the Agreement did not provide an express easement over the access road was a legal opinion, not a fact. See id. (counsel's admissions that contracts were enforceable was a legal opinion, not a fact). Accordingly, 9766 is not bound by that admission and the trial court erred by concluding otherwise.

(b) *The Agreement*. Dwarf House sought summary judgment on one issue – whether 9766 had an easement over the access road. Because the trial court incorrectly ruled that 9766 was precluded from introducing evidence to establish that it had an express easement, the trial court never construed the terms of the Agreement to resolve this issue. We therefore do not construe those terms here. "[T]his court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it." (Citation and punctuation omitted.) *Municipal Elec. Auth. of Ga. v. Gold-Arrow Farms, Inc.*, 276 Ga. App. 862, 870 (3) (625 SE2d 57) (2005).

The trial court should have considered the arguments and evidence of both parties related to 9766's express easement over the Dwarf House property prior to ruling on the motion. Accordingly, we reverse and remand for the trial court to

address those matters and issue a definitive ruling on Dwarf House's motion for summary judgment.

*Judgment reversed and case remanded. Doyle, P. J., and Dillard, J., concur.*