**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 21, 2018**

# In the Court of Appeals of Georgia

A18A1163. ROBERTS v. ROBERTS.

BARNES, Presiding Judge.

Brandon Ladale Roberts (Hereinafter "the father") appeals the trial court's order finding him in willful contempt of a previous contempt order and ordering that he be incarcerated until the contempt is purged by giving Tom Ladale Roberts, the paternal grandfather, 40 consecutive days of visitation and paying $1850.00 in attorney fees. For the reasons that follow, we affirm in part and reverse in part.

A trial court's ruling on a motion for contempt will be affirmed on appeal if there is any evidence to support it. *Earle v. Earle*, 312 Ga. App. 139, 140 (717 SE2d 720) (2011). See *Hunter v. Hunter*, 289 Ga. 9, 11 (4) (709 SE2d 263) (2011) ("[A] trial court has broad discretion to determine if a party is in contempt of its order, and the exercise of that discretion will not be reversed on appeal unless grossly abused.")

(citation omitted). So viewed, the evidence demonstrates that in March 2017, by final order of the juvenile court, and upon finding clear and convincing evidence of a "substantial preexisting relationship" between the grandfather and the child and harm should the relationship be interrupted, and that visitation was in the best interest of the child, the grandfather was awarded grandparent visitation pursuant to OCGA § 19-7-3.[1] The visitation schedule included visits every second and fourth weekend, two weeks during the summer, alternating years for Spring Break and several hours during Thanksgiving and Christmas.

Subsequently, on June 7, 2017, after the father denied the grandfather visitation and upon his filing of a motion for contempt, the trial court entered an order finding the father in contempt and granting the grandfather, in addition to the scheduled visitation, "compensatory visitation" and attorney's fees of $850.00. The order further provided that the failure to comply "could result in the [father's] incarceration." On August 25, 2017, the grandfather filed a second motion for contempt in which he alleged that the father had failed to comply with the provisions in the final order

[1]The statute provides, among other things, that the court may grant reasonable visitation rights "if the court finds by clear and convincing evidence that the health or welfare of the child would be harmed unless such visitation is granted and if the best interests of the child would be served by such visitation." OCGA § 19-7-3 (c) (1).

2

awarding visitation and contempt order, and had "absconded with the child and . . . denied any contact whatsoever with Paternal Grandfather." Following a hearing on the motion, on November 3, 2017, the trial court entered an order finding the father "in willful contempt of the Final Order on Contempt and Order[ing] him incarcerated." To purge himself of the contempt, the father was ordered to release the child to the grandfather for "forty consecutive days of visitation to make up for visitation [denied to the grandfather]," and to pay $1850.00 in attorneys fees, representing the $850 in attorneys fees awarded in the first contempt action, and another $1000.00 incurred in bringing the most current contempt action. It is from that order that the father appeals.

1. The father first contends that the trial court erred in holding him in contempt for relocating to another state, and that there was no provision in the final order preventing him from relocating. Contrary to the father's contention, the trial court did not find him in contempt for moving out of state with the child, but rather for willfully failing to comply with earlier orders, specifically the final order of visitation and the first contempt order. See *Higdon v. Higdon*, 321 Ga. App. 260, 263 (1) (c) (739 SE2d 498) (2013) ("the court must find that there was a willful disobedience of the court's decree or judgment.") And "[i]f there is any evidence in the record to

3

support the trial judge's determination that a party either has or has not willfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal." *Smith v. Morris, Manning & Martin, LLP*, 293 Ga. App. 153, 168 (7) (666 SE2d 683) (2008).

The father did not attend, but was represented by counsel at the November 2017 hearing on the underlying contempt motion. At that hearing, the evidence revealed that the father was present at the May 19, 2017 hearing on the first contempt petition and, at that time, still lived in Georgia. Further, the trial court found that despite being found in contempt of the final order of visitation, and being ordered to comply with the terms of visitation in the final order and the first contempt order, the father continued to withhold visitation from the grandfather. The grandfather testified that, other than one visitation on the weekend of March 24, 2017, he had been refused all other visitation with the child. He also testified that, despite the first contempt order granting him three additional weekends of compensatory visitation beginning on Friday, May 26, 2017, Memorial Day weekend, when he went to pick up the child, he discovered that the father had moved away from Georgia without any notice. There was also evidence that the father had not paid the $850.00 in attorneys fees as

4

directed by the first contempt action. Hence, there was evidence that the father willfully disobeyed the trial court's prior orders.

We are also unpersuaded by the father's contention that there was no evidence that he refused to permit the grandfather to exercise his visitation rights after June 7, 2017, the date the first contempt order was actually entered. Contrary to the father's contention, the order was entered nunc pro tunc to May 19, 2017, the day of the first contempt hearing. "A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former date. Thus, the [trial] court is authorized to cause the written order to relate back the date of the hearing and its oral ruling." *In the Interest of I. L. M.*, 2018 __Ga.__ (816 SE2d 620) (2018). Thus, this contention fails.

Accordingly, the trial court did not err in finding the father in contempt in this regard.

2. The father also contends that the trial court erred in awarding the grandfather 40 consecutive days of visitation to make up for the missed visitation without considering the best interest of the child. Pretermitting whether the trial court was required to consider such,

no argument was made below that the trial court failed to consider the best interest of the child in issuing this order, nor did the [father] present any evidence at the hearing on this issue. It is well settled that issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken.

(Citations and punctuation omitted.) *Rimmer v. Tinch*, 324 Ga. App. 65, 69 (2) (749 SE2d 236) (2013).

3. We agree with the father that the trial court erred in requiring him to pay the additional attorney fees of $1000.00 incurred in the second contempt action in order to purge himself of contempt. "[A] trial court does not have the authority to make payment of a *new* attorney fees award a condition for purging contempt of a previous order." *Horn v. Shepherd*, 292 Ga. 14, 21 (11) (732 SE2d 427) (2012) (emphasis supplied.) Therefore, we reverse that portion of the trial court's order.

*Judgment affirmed in part, reversed in part. McMillian and Reese, JJ., concur.*