**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 2, 2026**

# In the Court of Appeals of Georgia

A25A1577. SIMS v. SIMS.

FULLER, Senior Judge.

Russell and Shara Sims were divorced in September 2024. Russell now appeals from two post-judgment contempt orders entered in November 2024, raising several challenges to the trial court's rulings. For the reasons that follow, we affirm in part, reverse in part, vacate in part, and remand for further proceedings. We also deny Shara's motion to supplement the record on appeal, and we lift a stay on lower court proceedings we previously imposed.

The record shows that the parties were married in 2013; they have two minor children. During their divorce proceedings, the trial court appointed a guardian ad litem ("GAL") and entered a temporary order that, among other things, required

Russell to pay Shara's health insurance premiums and unreimbursed medical expenses. In its September 2024 divorce decree, the court awarded sole legal and primary physical custody of the children to Shara. As relevant here, the court also ordered Russell to pay Shara $2,553 monthly for child support, $3,000 monthly for alimony, and a portion of his retirement savings. In addition, the court found Russell in contempt of the temporary order's healthcare-expense provisions and ordered him to pay Shara $1,776.50 for her outstanding healthcare expenses.

In the divorce decree, the trial court also directed the GAL to prepare an invoice for her fees and ordered Russell to pay the GAL all amounts he owed within 30 days of his receipt of the invoice. The court further awarded Shara $24,000 in OCGA §§ 19-6-2 and 19-9-3(g) attorney fees and expenses of litigation and ordered Russell to pay her attorneys $12,000 by November 3, 2024, and $1,000 monthly for 12 months beginning the following month. Finally, the divorce decree provided, "In the event of any post-judgment motions or an appeal by either party, this Order shall operate as [a] Temporary Order until such time as the post-judgment motions or appeal, if any, are concluded."

Russell thereafter filed a timely motion for a new trial, which remained pending when he initiated the current appeal.[1] Two days after Russell sought a new trial, Shara filed a motion seeking to have him held in contempt of parts of the divorce decree, including, as relevant here, the child support, alimony, and healthcare-expense provisions. Following a November 12, 2024 hearing, the trial court issued two orders.

In the first order, the court found Russell in contempt because he had not yet paid $4,346.90 that, the court determined, he owed the GAL. The court further found that the GAL had incurred an additional $550 in fees and expenses in connection with the November 2024 contempt hearing. The court therefore ordered Russell to pay the GAL $4,896.90 by November 24, 2024, and directed the county sheriff to arrest him if he did not comply.

In the second order, the trial court found Russell in contempt of the divorce decree for failing to: (i) pay child support and alimony in October and November 2024; (ii) reimburse Shara for her outstanding healthcare expenses; and (iii) pay any attorney fees and expenses of litigation. Consequently, the court ordered Russell to

---

[1] The trial court denied Russell's motion for a new trial on August 5, 2025. We subsequently granted Russell's application for discretionary review of that order, *Sims v. Sims*, Case No. A26D0131 (Oct. 31, 2025), and his ensuing appeal is currently pending before this Court in Case No. A26A1153.

pay past-due child support and alimony by December 27, 2024, as well as $1,776.50 for Shara's healthcare expenses and $12,000 to her attorneys by January 30, 2025. The court again directed the sheriff to arrest him if he did not comply. Finally, the court ordered Russell to pay Shara's counsel an additional $2,500 in OCGA § 19-6-2 attorney fees and litigation expenses incurred in connection with the current contempt proceedings by March 1, 2025. Russell thereafter filed an application for discretionary review, which we granted.[2] See *Sims v. Sims*, Case No. A25D0212 (Jan. 28, 2025). This appeal followed.

1. Shara has filed a motion to supplement the appellate record with a trial court order entered on October 10, 2025, nearly six months after this appeal was docketed and more than eight months after Russell filed his notice of appeal in February 2025. She asserts that the October 10 order reflects the parties' agreement in a March 2025 hearing that: (i) the trial court erred when it included the additional $550 in fees and expenses the GAL had incurred in connection with the November 2024 contempt

---

[2] While contempt rulings generally are directly appealable, even if interlocutory, see *Ramsey v. Ramsey*, 231 Ga. 334, 336(1) (201 SE2d 429) (1973); *Hamilton Cap. Group v. Equifax Credit Info. Servs.*, 266 Ga. App. 1, 2–3(1) (596 SE2d 656) (2004), they are subject to the discretionary appeal procedure in domestic relations cases, see OCGA § 5-6-35(a)(2).

hearing in the amount Russell was required to pay to purge himself of contempt as to GAL fees; and (ii) as a result, the court would amend the contempt order to correct that error, and Russell would amend his notice of appeal to remove that issue from this appeal.[3]

> Georgia law is clear that the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect.

*Lowe v. Ctr. Neurology Assocs.*, 288 Ga. App. 166, 168(1) (653 SE2d 318) (2007) (quotation marks omitted). Thus, because Russell challenged the contempt order concerning GAL fees in his notice of appeal, the trial court lacked authority to subsequently amend that order. And because any rulings in that regard would have no effect, they are not relevant to this appeal. See id. Consequently, Shara's motion to supplement the record is hereby denied.

---

[3] After Shara filed her motion to supplement, Russell filed a motion in this Court to stay enforcement of the GAL fee award pending the disposition of this appeal and his application for discretionary review in Case No. A26D0131. See note 1, above. In our October 22, 2025 order granting Russell's motion, we also stayed a trial court show-cause hearing regarding the unpaid GAL fees scheduled for October 23, 2025.

2. (a) Turning to Russell's appeal, he first contends that, because Shara's motion for contempt provided insufficient details to allow him to prepare a defense, the trial court violated his right to due process when it denied his motion to dismiss the contempt proceeding. We disagree.

"[I]n a contempt proceeding, which could result in a loss of the defendant's liberty, due process requires that a defendant be given notice that adequately informs him of the claim or claims he must defend against." *McLaws v. Drew*, 355 Ga. App. 162, 167(1)(a) (843 SE2d 440) (2020). In her motion for contempt, Shara expressly alleged that Russell had "shown no compliance with anything written in" the divorce decree. She then identified five specific paragraphs in the decree (only three of which are relevant on appeal) that she claimed Russell had violated. First, she alleged that Russell had violated paragraph C — which, as relevant here, required him to pay child support — "as it pertains to Child Support." Second, she asserted a violation of paragraph E — which, in relevant part, required Russell to execute a quitclaim deed for the marital residence, transfer to Shara money from his retirement account, and pay her $3,000 monthly in alimony — by "fail[ing] to pay alimony, transfer monies to [her] from his 401k, or execute the Quit Claim Deed." Finally, Shara claimed a

violation of paragraph F — which required Russell to pay her $1,776.50 for healthcare costs — by failing to pay that amount.[4]

Thus, Shara's motion more than adequately apprised Russell of the specific conduct that ultimately formed the basis for the trial court's contempt rulings as to the allegations in the motion. See *McLaws*, 355 Ga. App. at 167(1)(a). Russell's claim to the contrary therefore fails.

(b) Russell further argues that, because he had no prior notice that GAL fees would be addressed at the contempt hearing, the trial court violated his right to due process by adjudicating that issue. This claim also is refuted by the record.

The record on appeal indicates that, on September 4, 2024 — when the final divorce hearing was held — the trial court issued a notice that a hearing addressing GAL-fee-award compliance would be held on November 12, 2024. The notice shows that it was "filed in court" on the day of the hearing, and its certificate of service states that it was hand delivered to Russell's trial counsel,[5] Shara's counsel, and the GAL, which indicates that hand-delivery occurred in court.

---

[4] Shara also alleged that Russell had violated paragraphs B and D of the decree, but the contempt ruling was not based on violations of those paragraphs.

[5] Russell was represented by new counsel at the contempt hearing.

7

"[N]otice to an attorney is notice to the client employing him, and . . . knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment." *Oseni v. Hambrick*, 207 Ga. App. 166, 167 (427 SE2d 559) (1993) (quotation marks omitted). See OCGA § 10-6-58 ("Notice to the agent of any matter connected with his agency shall be notice to the principal."); *Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 897(6) (216 SE2d 651) (1975) ("The rule imputing an agent's knowledge to his principal is applicable to the attorney-client relationship."). Thus, delivery of the notice to Russell's trial counsel put Russell on notice that compliance with the GAL fee award would be addressed at the November 12 hearing. See *Oseni*, 207 Ga. App. at 167; *Dunlap*, 134 Ga. App. at 897(6).

While Russell argues that his trial counsel's representation ended upon entry of the divorce decree, he neither cites any record evidence supporting that assertion nor provides any legal authority supporting his implicit claim that, on that basis, he should not be charged with knowledge of a hearing notice that was hand-delivered to his attorney eight days before the divorce decree was entered. These misplaced, unsupported claims thus do not warrant relief. See generally *Tolbert v. Toole*, 296 Ga.

8

357, 363(3) (767 SE2d 24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal."); *In/Ex Systems v. Masud*, 352 Ga. App. 722, 723(1) (835 SE2d 799) (2019) ("[I]t is not the function of this court to cull the record on behalf of a party." (quotation marks omitted)). Moreover, the similarly unsupported claim by Russell's appellate counsel (who represented him at the November 2024 contempt hearing) that she was unable to access certain documents on the trial court's electronic docket does not change the fact that notice was provided to Russell's trial counsel. This claim thus does not warrant relief.

3. Russell asserts that the trial court lacked authority to enforce payment of the GAL fees while his motion for a new trial remained pending, as the motion acted as a supersedeas under OCGA § 9-11-62(b). We disagree.

"The filing of a motion for a new trial . . . shall act as supersedeas unless otherwise ordered by the court . . . ." OCGA § 9-11-62(b). Consequently, one generally may not be held in contempt for violating an order while a motion for a new trial challenging that order is pending. See *Heyman v. Heyman*, 374 Ga. App. 784, 792(4) (914 SE2d 350) (2025). Accord *Dunn v. Dunn*, 363 Ga. App. 132, 133–34(1)(a)

(871 SE2d 30) (2022); *Payne v. Myatt*, 351 Ga. App. 678, 679(2) (832 SE2d 663) (2019) (holding that the trial court erred when it held the appellant in contempt for failing to pay an attorney fee award while his motion for a new trial from the fee award remained pending because OCGA § 9-11-62(b) automatically stayed the fee award pending resolution of the motion).

Where, however, a divorce decree states that its provisions will constitute a new temporary order during the pendency of any appeal, the trial court retains authority to hold parties in contempt of its provisions. See *Franklin v. Franklin*, 294 Ga. 204, 208(3) (751 SE2d 411) (2013). See also *Frazier v. Frazier*, 280 Ga. 687, 691(5) (631 SE2d 666) (2006) ("The phrase 'unless otherwise ordered by the court' [in OCGA § 9-11-62(b)] plainly gives the trial court authority to deny supersedeas entirely . . . ."). The purpose of such temporary orders is to allow courts to enforce temporary arrangements during the pendency of domestic relations cases and ensuing appeals. See *Yntema v. Smith*, 371 Ga. App. 19, 27–28(4) (899 SE2d 543) (2024). Thus, they remain "enforceable through contempt proceedings pending [appellate] review." Id. at 27(4) (quotation marks omitted).

Here, the trial court ordered Russell to pay GAL fees in the divorce decree, which expressly provided that it would operate as a temporary order while any post-judgment proceedings remained pending. Consequently, Russell remained obligated to pay those fees notwithstanding his motion for a new trial. See *Franklin*, 294 Ga. at 208(3); *Frazier*, 280 Ga. at 691(5).

On appeal, Russell argues that paying the GAL fees while his motion for a new trial remained pending would have mooted any appellate challenge he may have to the fee award. See generally *City of Atlanta v. Roach*, 297 Ga. App. 408, 413(2) (677 SE2d 426) (2009) ("[A]n appellant's voluntary payment of [a] judgment renders moot the issues sought to be determined on appeal." (quotation marks omitted)). Accord *Nash v. Pierce*, 238 Ga. App. 466, 466(1) (519 SE2d 462) (1999). But applying that proposition to a temporary order in a domestic relations case would nullify a trial court's authority to enter such orders and to deny supersedeas under OCGA § 9-11-62(b), at least under the circumstances of this case. See *Frazier*, 280 Ga. at 691(5). And we see no reason why, should Russell prevail in any further post-judgment challenges he may have to the GAL fee award, the trial court would not be authorized

11

to enter such orders as may be necessary to properly re-apportion the costs of litigation — including GAL fees — between the parties.

We note that, in the statement of facts section of his appellate brief, Russell asserts that the record contains no evidence that the GAL submitted an invoice for her fees, which, under the divorce decree, triggered his obligation to pay. But he has pointed to nothing in the record showing that he raised and obtained a ruling on any such argument before the trial court, and he does not enumerate it as an error on appeal. Any potential error in that regard therefore presents nothing for us to review. See *Emps. Retirement System of Ga. v. Baughman*, 241 Ga. 339, 341(3) (245 SE2d 282) (1978) (a claim abandoned before the trial court presents nothing for this Court to review); *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 291(4)(b) (771 SE2d 1) (2015) ("This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it." (citation modified)). See also *Gresham v. Harris*, 349 Ga. App. 134, 138(1) n.10 (825 SE2d 516) (2019) (concluding that the appellant waived any claim that the trial court erred in making a certain finding "by failing to enumerate it as an error and provide any supporting argument" on appeal); *Karlsberg v. Hoover*, 142 Ga. App. 590, 594 (236 SE2d 520) (1977) ("[A]n appellant

12

is required in its initial brief to file an argument which supports any enumerations of error it does not wish to waive.").

Given our rejection of Russell's claim that the trial court lacked authority to enforce payment of GAL fees while his motion for a new trial remained pending, the stay of proceedings we granted on October 22, 2025, is hereby lifted. See note 3, above.

4. Russell further contends that the trial court erred by making its award of an additional $550 in GAL fees incurred in connection with the contempt hearing a condition for purging his contempt. We agree.

During the November 12, 2024 contempt hearing, the GAL stated that, as of the conclusion of the final divorce hearing, the amount of GAL fees allocated to Russell was $4,346.90, which would have been due on October 31, 2024. The GAL also asked to be reimbursed at her "hourly rate" for the time she spent in connection with the contempt hearing. In its order on GAL fees, the trial court identified a total of $4,896.90 — which included $550 allocated to "approximately" two hours the GAL spent preparing for and attending the hearing and drafting the proposed order

13

— as the amount Russell was required to pay to purge himself of contempt in connection with the GAL fees.

In a related context, "[a] trial court does not have the authority to make payment of a new attorney fees award a condition for purging contempt of a previous order." *Horn v. Shepherd*, 292 Ga. 14, 21(11) (732 SE2d 427) (2012). Accord *Roberts v. Roberts*, 347 Ga. App. 360, 363(3) (819 SE2d 521) (2018) (holding that the trial court erred in requiring the appellant to pay additional attorney fees incurred in a second contempt action to purge himself of contempt). We see no reason why that proposition should not apply in the context of a GAL fee award. See generally *Norred v. Moore*, 263 Ga. App. 516, 518(2)(b) (588 SE2d 301) (2003) ("[I]t is a violation of due process to impose a new monetary obligation and, simultaneously in the same order and without giving the respondent a reasonable opportunity to pay, to hold the respondent in contempt and order him jailed until he purges himself of the contempt by making payment."). Consequently, the trial court erred to the extent that it conditioned a purge of contempt on payment of the $550, and we reverse its ruling to that effect. See *Horn*, 292 Ga. at 21(11); *Roberts*, 347 Ga. App. at 363(3).

While Shara claims that the trial court removed the $550 award from the purge amount after Russell initiated this appeal, that allegation has no bearing on our ruling, which necessarily is premised on the current record on appeal, which contains no such ruling by the trial court, and we denied her motion to supplement the record in Division 1, above.

We deem abandoned Russell's conclusory assertion — unsupported by citation to authority — that the trial court erred by awarding the GAL an additional $550 in fees absent evidence of the time she spent in court or her hourly rate. See *Brittain v. State*, 329 Ga. App. 689, 704(4)(a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules." (citation modified)); *Dixon v. MARTA*, 242 Ga. App. 262, 266(4) (529 SE2d 398) (2000) (observing that legal analysis, at a minimum, requires "a discussion of the appropriate law as applied to the relevant facts"). See also generally Ga. Ct. App. R. 25(d)(1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). Consequently, while payment of such fees may not be a condition for Russell to purge his contempt, the award itself

presently remains valid (subject to our disposition of the appeal in Case No. A26A1153, see note 1, above) and may therefore subject Russell to a future contempt action if he fails to pay it. See *Horn*, 292 Ga. at 21(11).

5. Russell argues that, because Shara's motion for contempt did not allege a violation of the divorce decree's attorney fee provisions, the trial court violated his right to due process by finding him in contempt on that basis. He further maintains that the fee provisions could not be enforced at that time because they were subject to OCGA § 9-11-62(b)'s automatic supersedeas, given his pending motion for a new trial, and because paying the fee award would render moot his right to challenge the issue on appeal. We agree with the first proposition, as a result of which we need not address either prong of the second.

As discussed above, due process requires an alleged contemnor to be given notice "that adequately informs him of the claim or claims he must defend against." *McLaws*, 355 Ga. App. at 167(1)(a). Accord *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998) (concluding that a trial court's notice of a contempt hearing did not comply with due process "because it failed to adequately inform appellant of the charge against him so that he would have the opportunity to defend himself against the

16

charge" at the hearing); *Norred*, 263 Ga. App. at 519(4) ("[A] charge of contempt based on an alleged violation of a court order must apprise the respondent of the *specific acts* which he is charged with committing in violation of the subject order, so that he may be prepared to defend against such allegations at the hearing." (emphasis supplied)). Thus, "to find a respondent in contempt of a court order to pay a certain sum, due process requires the trial court to give the respondent," among other things, "notice of his alleged wilful failure to pay." *Norred*, 263 Ga. App. at 518(2)(b) (reversing, in part, a contempt order to the extent it was premised on monetary obligations imposed for the first time at the contempt hearing).

Here, Shara's contempt petition did not allege that Russell was in contempt for failing to pay attorney fees as ordered in the divorce decree. Consequently, the trial court violated his right to due process by finding him in contempt on that basis. See *Ford*, 270 Ga. at 315; *Norred*, 263 Ga. App. at 519(4). See also *Ramirez v. State*, 279 Ga. 13, 16(3) (608 SE2d 645) (2005) (reversing contempt ruling because the alleged contemnor "was not given reasonable notice of the charges" against him when he learned of those charges the day of the contempt hearing); *McLaws*, 355 Ga. App. at 163–64, 167–70(1)(a)–(b) (reversing OCGA § 9-15-14 fee award on the ground that the

17

motion for a new trial on which it was premised was not "substantially frivolous, groundless, or vexatious" because, among other things, the motion properly challenged a contempt ruling on the ground that the petition that led to the ruling did not provide notice of one of the grounds on which the respondent was held in contempt). We therefore reverse the trial court's ruling finding Russell in contempt of the divorce decree attorney fee provisions.

6. Russell challenges the $2,500 OCGA § 19-6-2 fee award on the ground that the trial court failed to consider the parties' financial circumstances and make findings of fact sufficient to support the award. We agree that the court erred in making this award.

In divorce and alimony cases, a trial court may award attorney fees under OCGA § 19-6-2(a)(1) after "consider[ing] the financial circumstances of both parties." In this regard, an OCGA § 19-6-2 award is not premised on a party's wrongdoing; rather, "it is to be made with the purpose of ensuring effective representation of both spouses in an action arising out of a divorce." *Cason v. Cason*, 281 Ga. 296, 299–300(3) (637 SE2d 716) (2006). Accord *Roth v. Crafton*, 363 Ga. App. 254, 258(3)(b) (870 SE2d 804) (2022) ("An award under OCGA § 19-6-2 depends on

18

the financial circumstances of the parties, not their wrongdoing." (citation modified)). Thus, "findings of fact regarding the relative financial circumstances of each party" are prerequisites to an award under OCGA § 19-6-2. *Amoakuh v. Issaka*, 299 Ga. 132, 134(3) (786 SE2d 678) (2016). If a trial court fails to make findings of fact sufficient to support an OCGA § 19-6-2 fee award, the case must be remanded to the trial court for factual findings necessary to support it. See *Thrasher-Starobin v. Starobin*, 299 Ga. 12, 13 (785 SE2d 302) (2016). Accord *Amoakuh*, 299 Ga. at 134(3) (vacating an OCGA § 19-6-2 fee award because the trial court "did not make findings of fact regarding the relative financial circumstances of each party, or otherwise cause the record to show that such had been properly considered"). Compare *Miller v. Miller*, 288 Ga. 274, 281(3) (705 SE2d 839) (2010) (affirming an OCGA § 19-6-2(a)(1) fee award, noting that the trial court had weighed the parties' financial circumstances, "the awards in the [divorce] decree, interim fee awards, the extent of Wife's need, and other equitable factors").

Here, the trial court's order contains no indication that it premised its $2,500 OCGA § 19-6-2 fee award on the parties' relative financial circumstances. Rather, it awarded those fees because Russell's "contemptuous conduct required [Shara] to

incur attorney's fees and expenses of litigation to obtain [the current] ruling finding [Russell] in contempt." This language indicates that the fee award was premised on Russell's misconduct and does not show that the court considered the parties' relative financial circumstances in making the award. Consequently, the trial court erred in awarding $2,500 in OCGA § 19-6-2 fees on the grounds stated in the order, and we therefore vacate its ruling in that regard and remand for the court to determine whether the parties' financial circumstances authorize the award. See *Amoakuh*, 299 Ga. at 134(3); *Thrasher-Starobin*, 299 Ga. at 13; *Cason*, 281 Ga. at 299–300(3).

7. The same day that the trial court entered its contempt order, Russell filed a "Notice of Intent to Appeal and Application for Supersedeas," in which he informed the court that he intended to appeal the contempt rulings and sought supersedeas pursuant to OCGA § 5-6-13(a).[6] The record on appeal contains no indication that the

---

[6] OCGA § 5-6-13(a) provides:

A judge of any trial court or tribunal having the power to adjudge and punish for contempt shall grant to any person convicted of or adjudged to be in contempt of court a supersedeas upon application and compliance with the provisions of law as to appeal and certiorari, where the person also submits, within the time prescribed by law, written notice that he intends to seek review of the conviction or adjudication of contempt. It shall not be in the discretion of any trial court judge to grant or refuse a supersedeas in cases of contempt.

trial court entered an order addressing that filing. Russell contends that the court erred "by failing to grant" his request for supersedeas. But absent a trial court ruling on this issue, there is nothing for us to review. See *9766, LLC*, 331 Ga. App. at 291(4)(b). To the extent that Russell seeks to challenge the trial court's failure to act, his remedy is to seek such relief in the trial court in the first instance. See id.

We do not authorize the reporting of this opinion because it does not announce a new rule or policy or involve an interpretation of law that is not already precedent. See Ga. Ct. App. R. 33.2(b), 34.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded. Dillard, P. J., and Mercier, J., concur.*